LYON, *Appellant,* v. LAMASTER.

### DIVISION ONE.

1.  **Practice in Supreme Court:** EVIDENCE: MOTION FOR NEW
    TRIAL. The action of the trial court in excluding evidence, *e. g.*,
    notice to a tenant to quit, will not be reviewed by the supreme
    court, where it is not assigned as error in the motion for a new
    trial.

2.  **Landlord and Tenant:** NOTICE TO QUIT. Where the tenant has
    disclaimed the title of his landlord, he is not entitled to notice to
    quit.

*Appeal from Buchanan Circuit Court.*—HON. O. M.
SPENCER, Judge.

REVERSED AND REMANDED.

*E. C. Zimmerman* and *J. W. Boyd* for appellant.

Possession by plaintiff under color or claim of title
was sufficient to enable him to maintain the action of
ejectment. *Daily v. Faivre,* 43 Mo. 556; *Davis v.
Thompson,* 56 Mo. 39; *Farrar v. Heinrich,* 86 Mo. 521;
*Prior v. Scott,* 87 Mo. 303. LaMaster, it was proven,
was in possession by virtue of the sufferance and permis-
sion of Zimmerman; he never did claim any title to the
land in controversy, but, notwithstanding the fact that
the respondent recognized the appellant's title, the
court, in the exercise of its prerogative, instructed the
jury to find for the respondent.

*Huston & Parrish* for respondent.

(1) Respondent was not a tenant at will, as that
can only be created by contract. *Ridgely v. Stillwell,*
25 Mo. 570; *Kerr v. Clark,* 19 Mo. 132; *Ridgely v.*

*Stillwell*, 28 Mo. 400. The leasing was not of a "store, shop, houses, tenements or other buildings." It was a garden lot—no house on it. It was, therefore, not within the terms of section 6371, Revised Statutes, 1889. *Wetherell v. Petzold*, 17 Mo. App. 669. Respondent was entitled to three months' notice of an intention to terminate the tenancy. R. S. 1879, sec. 3077. (2) The paper offered as notice by Eugene C. Zimmerman, contained in appellant's printed record at page 4, was made after he had sold and conveyed by quitclaim. It was simply his valedictory, interesting only for its literary merits and the autograph of its distinguished author. (3) But this court is precluded from investigating the alleged notices. There is no complaint in appellant's motion for new trial of the action of the trial court in excluding testimony offered. Hence, the so-called "notices" to terminate the tenancy, offered by appellant, and excluded by the court, cannot be considered. *Vineyard v. Matney*, 68 Mo. 105; *Wetherell v. Harris*, 51 Mo. 65; *Brady v. Connolly*, 52 Mo. 19; *Ballinger v. Carrier*, 79 Mo. 318; *Kaufman v. Harrington*, 23 Mo. App. 572; *Griffin v. Ryan*, 79 Mo. 73; *State ex rel. v. Burckhart*, 83 Mo. 430.

SHERWOOD, P. J.—Ejectment for lots 6, 7 and 8, in block 50, in the St. Joseph extension addition to the city of St. Joseph.

The defendant was the tenant of Zimmerman, who transferred the lots by deed of quitclaim to plaintiff, and the defendant was duly notified of such transfer, and, it seems, acquiesced therein at the time of being informed thereof; but, before suit brought, acted in a very different way, as will presently appear.

I. The case turned in the trial court on the sufficiency of the notice to quit served on the defendant by the plaintiff, and, as that court deemed the notice insufficient, the plaintiff was forced to take a nonsuit, with leave, etc. The action of the court in excluding the

notice to quit cannot be considered here, because no such point was made in the motion for a new trial. This has been ruled many times in this court. *Vineyard v. Matney*, 68 Mo. 105, and cas. cit. and numerous other cases.

II.    But, though we are thus precluded from discussing the sufficiency of the notice to quit, we are still at liberty to read the testimony introduced by the plaintiff, which was all that was introduced.    From this it appears that the defendant, prior to suit brought, had leased the premises from one Albin, thus attorning to a stranger and repudiating the relationship theretofore existing between himself and the plaintiff.

It is insisted on behalf of the defendant that the tenancy in question was one from year to year, and that, therefore, he was entitled under the provisions of section 3077 to three months' notice.    But it is quite immaterial whether he was a tenant of this sort, or whether he should be regarded as a tenant at will, and as requiring but one month's notice to quit, under the provisions of section 3078, for the reason that, having disclaimed the title of his landlord, he was entitled to no notice at all, and so say all the books.    1 Woodfall's Land. & Ten. 360, 361, 311 ;   Sedgwick & Wait Tr. Tit. Land. [ 2 Ed.] secs. 387, 388, 369 ;   6 Am. & Eng. Encyclop. of Law, 238 *n ;*   12 Am. & Eng. Encyclop. Law, 703 *n ;*   2 Taylor, Land. and Ten., sec. 472, and cas. cit.

As the result of these views, the judgment should be reversed and the cause remanded.    All concu