McINTOSH et al., *Plaintiffs in Error*, v. RANKIN.

Division One, May 26, 1896.

1. **Pleading:** SINGLE CAUSE OF ACTION: CONTRACT. A petition in an action for damages resulting from the obstruction of a mill race *held* to state a single cause of action on a contract by which the parties liquidated the damages.

2. **Easement:** GRIST MILL: RUNNING STREAM: WATER FLOW. Owners of a grist mill situated on a running stream are entitled to the uninterrupted flow of its water in the natural channel and to the use, without express statutory authority, of the water power if available for mill purposes without injury to others.

3. **Contract:** OBSTRUCTING MILL RACE: PLEADING. An action on a contract liquidating damages for the obstruction of a mill race *held* not demurrable because it did not show that plaintiffs' use of the stream was lawful.

4. ———: ———: ———. Nor was it demurrable on the ground that the contract was unlawful, it not appearing that the mill was a public one.

*Error to Atchison Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for plaintiffs in error.

(1) There was no misjoinder of causes of action. (2) The contract in suit is not against public policy,

McIntosh v. Rankin.

the plaintiffs did not agree to run their mill nor in any manner to disregard their duties as millers. *Koehler v. Feuerbacker,* 2 Mo. App. 11; 3 Am. and Eng. Encyclopedia of Law, p. 875. (3) The plaintiff had the right to liquidate the damages in their contract. *Adams v. Adams,* 91 N. Y. 381; *Philips v. Meyers,* 82 Ill. 67; *Gier v. Shade,* 109 Pa. St. 180; *Stillwell v. Glascock,* 91 Mo. 658; *Barrett v. Carden,* 26 Atl. Rep. 530. The defense of public policy proceeds upon the idea of protection to the public, and not upon that of relief to the defendant. *Church v. Proctor,* 66 Fed. Rep. 240. "It is a well known rule that no instrument shall be construed to mean fraud if its language will bear an interpretation of honest intent." *James v. Chambers,* 18 Mo. App. 331. The courts always proceed with caution upon the question of public policy. *Davis v. Bank,* 2 Bing. 393; *Richmond v. Railroad,* 26 Iowa, 191; *Kellogg v. Larkin,* 3 Chand. 133; *Richardson v. Millish,* 2 Bing. 229; *Walsh v. Fussell,* 6 Bing. 169; *Barrett v. Charden,* 26 Atl. Rep. (Vt.) 530.

*Lewis & Ramsay* for defendant in error.

(1) The petition is a commingling together in one count of an action for a tort with one on contract, and the demurrer on account of this defect of form should have been sustained. (2) If plaintiffs' mill and mill dam were not erected under the statute in regard to mills and mill dams and there is no definite allegation to that effect, then as it is upon a public stream it is a nuisance and would give plaintiff no right of action, either in tort or upon contract based thereon. R. S. 1889, secs. 7018–7022, and secs. 7024, 7025, 7026, and 7029–7033; *Huffman v. Vaughan,* 72 Mo. 465; *Fulner v. Williams,* 1 L. R. A. 603; *Keating v. City of Kan.,* 84 Mo. 419; *Crutchfield v. Warrensburg,* 30 Mo. App.

456; *Abbott v. Railroad*, 83 Mo. 276. (3) If we assume that plaintiffs' mill was properly erected under the statute, then the public had an interest in its maintenance and any contract that would prevent plaintiff from so using it or that might destroy or weaken their interest in so using it, would be clearly contrary to public policy and void. *Railroad v. Seely*, 45 Mo. 212; *Friend v. Porter*, 50 Mo. App. 89; *State v. Williamson*, 118 Mo. 146; *Blank v. Nohl*, 112 Mo. 159; *Choteau v. Railroad*, 22 Mo. App. 286; *Ferry Co. v. Railroad*, 27 S. W. Rep. 568; *Railroad v. Railroad*, 61 Fed. Rep. 993; *Brooks v. Cooper*, 21 L. R. A. 617; *Gibbs v. Consolidated Glass Co.*, 130 U. S. 396. (4) No cause of action either by way of damages or upon *quantum meruit* can be sustained upon a void transaction. *Crutchfield v. Warrensburg*, 30 Mo. App. 456; *Keating v. City of Kan.*, 84 Mo. 419; *Cook v. Railroad*, 72 Ga. 48; 9 Am. and Eng. Encyclopedia of Law, 913. Nor can the question be waived by the parties. *Oscanyon v. Arms Co.*, 13 Otto, 261. Nor even by legislative enactment. 9 Am. and Eng. Encyclopedia of Law, 910.

BRACE, P. J.—The judgment of the circuit court of Atchison county, sustaining a demurrer to the plaintiffs' petition is complained of as error in this case.

It is alleged in the petition, filed on the twenty-eighth of April, 1894, in substance, that on the first day of March, 1893, the plaintiffs were, ever since have been, and now are, the owners of a grist mill operated by water, situated on the Big Tarkio creek in said county; that said creek always has been and is now a running stream with well defined channel, bed, and banks; that during the year 1892 the defendant wrongfully cut ditches along the side of, and placed obstructions in the channel of said stream, causing the waters

thereof to be backed up into the tailrace of plaintiff's mill, and upon the water wheel thereof to the depth of six feet, thereby rendering said mill wholly worthless and unfit for use, and so the same has continued unto this day; that afterward on the eighth day of March, 1893, the defendant, being cognizant of the injury thus inflicted upon the plaintiffs by the wrongful acts aforesaid, "entered into a written contract with plaintiffs, in duplicate, each party keeping a copy thereof, whereby he promised and agreed and bound himself to pay to said plaintiffs as damage for the injury occasioned to said mill, by reason of obstructing said stream and changing the channel thereof, as aforesaid, and backing the water up into plaintiffs' said tailrace and upon the water wheel of said mill, the sum of $10 per day commencing with said date until the water ceased to flow back in and upon said tailrace and said water wheel, and to stand at the same stage and depth in said mill race at which it stood before said obstructions were placed across said creek and the channel thereof diverted as aforesaid.

"That by said agreement the defendant further bound himself, in case that said waters continued to flow back into said tailrace and onto said wheel and did not fall to the level or stage of water at which the water stood in said mill race prior to the obstructions of said creek and change of the channel thereof, to pay said plaintiffs the said sum of $10 per day commencing on said eighth day of March, 1893, until he should remove said obstructions from across said stream and turn the waters of said creek back through its original channel.

"Plaintiffs further state that the water in said creek has not ceased to flow back into and upon plaintiffs' tailrace and water wheel, nor has it fallen to the level or stage at which the water stood prior to the

changing of the channel of said creek and obstructing the same as aforesaid, but that said water, by reason of the unlawful acts of the said defendant in obstructing the channel of said creek and changing the waters thereof, as aforesaid, still continues to back up and stand in plaintiffs' tailrace and upon plaintiffs' said water wheel at a depth of six (6) feet higher than it stood before the obstruction of said stream and changing of the channel thereof as aforesaid, and has so done continuously from the eighth day of March, 1893, to the present time, and now stands at said depth in said race and upon said wheel at said depth as aforesaid.

"Plaintiffs further state that they have kept and performed the conditions of said contract upon their part to be kept and performed in all things, but that the said defendant has failed and refused to keep and perform the conditions of said contract upon his part in this that he has not removed said obstructions so placed across said creek as aforesaid and filled up said ditches and turned the water back through the original channel of said creek, nor has he paid to the plaintiffs the amount of $10 per day for each and every day since the execution of said contract as he agreed by said contract to do, nor any part thereof. That said defendant owes said plaintiffs ten dollars ($10) a day for four hundred and fifteen (415) days making the sum of forty-one hundred and fifty dollars ($4,150) for damage to their said mill so occasioned as aforesaid, for which plaintiffs ask judgment and costs of suit."

The demurrer is as follows:

"Now comes the defendant and demurs to plaintiffs' petition for the following reasons.

"1.    It does not state facts sufficient to constitute a cause of action.

"2.   It is an attempt to contain in one count two separate causes of action, one for damages growing out of a tort, and a suit upon a contract.

"3.   Because said petition does not show that plaintiffs had any authority to erect and maintain a mill or mill dam, or tailrace thereto.

"4.   For the reason that the contract attempted to be set out in said petition is void on its face and contrary to the laws of this state."

It does not appear from the record upon which one of these grounds the demurrer was sustained. If any one of them is well assigned the judgment must be affirmed.

1.   It is sufficiently apparent upon the face of the petition that the pleader is not attempting to state two causes of action, one in damages for wrongfully obstructing the channel, and one on the contract, but a single action on the contract by which those damages were liquidated, and the demurrer could not have been sustained upon the second ground. The third and fourth grounds are specifications under, or reasons why the first ground should be sustained, and that ground will be disposed of by the consideration of those reasons.

2.   It appears from the petition that the plaintiffs are the owners of a grist mill on a running stream. As such they are entitled to the uninterrupted flow of its waters in their natural channel and the use of its power for their mill, if available for that purpose without injury to others, without express statutory power, and if deprived of that use by the unlawful acts of the defendant set out in the petition a right of action accrued to them for damages for such wrong.

Every one is presumed to be in the lawful possession and management of his property until the contrary is made to appear, and if the use of which plaintiffs have

been deprived was an unlawful one, that fact does not appear on the face of the petition, and advantage of it could only be taken by plea in this action upon a contract to compensate them for such damages, in which the legality of their structure and their right to the unobstructed flow of its waters below the mill is recognized by the defendant, so that the demurrer could not be sustained upon the third ground specified.

3.   This brings us to the fourth and last objection to the petition, which is that the contract declared on "is void on its face and contrary to the laws of this state."

The proposition on which this contention seems to rest is that the plaintiffs as proprietors of a grist mill on a running stream by whose waters it is operated, owe to the public certain duties which by this contract they are induced to neglect or to render less efficiently than they ought.   This proposition has nothing to rest upon unless the plaintiffs' grist mill is a *public* mill.   Public mills are defined by statute to be "all grist mills which grind for toll; and all water grist mills built on any water course by authority of any statute, or order of any court."

It does not appear on the face of the petition that plaintiffs' grist mill "grinds for toll or that it was built on a water course by authority of statute or order of any court."   Hence it does not appear that it is a public mill, in the management of which the owner owes any duty to the public that could in any way be interfered with by the contract sued on.   The petition states a cause of action on the contract and the demurrer should have been overruled.   The judgment of the circuit court is therefore reversed and the cause remanded for further proceedings.   All concur.