FESTUS J. WADE, Administrator of FREDERICK J.
KREBS, Respondent, v. JAMES B. McCORMACK,
Appellant.

St. Louis Court of Appeals, December 8, 1896.

Landlord and Tenant: ATTORNMENT. A clause in a deed of trust
providing that if a sale be made under the deed the mortgagor, his
assignees, or legal representatives, who may be in possession of the
premises at the time of sale, shall become from the day of sale the
tenant or tenants at will of the purchaser at a monthly rental, etc.,
creates the relation of landlord and tenant between the purchaser and
mortgagor in case of sale, and entitles the former as such landlord to
the remedy provided in section 6392 of the statute for the collection of
past due rent.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*E. J. O'Brien* for appellant.

The judgment in the court below was not author-
ized by the law under the evidence. *Duke v. Compton*,
49 Mo. App. 304; *Green v. Steinberg*, 15 *Id.* 32;
*Pierce v. Rollins*, 60 *Id.* 520; *Ansele v. Groby*, 62 *Id.*
421.

*Valle Reyburn* for respondent.

This action was properly brought under section
6392 of the statutes.

BIGGS, J.—This is an action under section 6392 of
the Revised Statutes to recover rent and the possession
of certain premises situated in the city of St. Louis,
and the only question is whether the relation of land-

land and tenant exists between the parties. The plaintiff recovered before the justice and in the circuit court, and he has brought the case by successive appeals to this court.

There is no dispute about the facts. On March 3, 1888, and April 6, 1889, the defendant executed two deeds of trust conveying the property in question to a trustee for the purpose of securing an indebtedness therein mentioned. The trust deeds contain the usual covenants found in such instruments, including a power of sale by the trustee in case of default, etc. The first deed of trust also contained the following stipulation, to wit: "It is further expressly covenanted and agreed, that if a sale shall be made under the provisions of this deed of trust, then the said parties of the first part, their assignees or legal representatives, who may be in possession of said premises at the time of the sale, shall become from the day of said sale the tenant or tenants at will of the purchaser at the monthly rent of $36, payable monthly in advance, and shall and will remove at any time thereafter upon one month's notice from said purchaser, without regard to any previous lease, contract or agreement, about the use or occupation of said premises." The second deed of trust contained the same covenant, except the rent was fixed at $4 per month. Default having been made, the property was sold under both deeds of trust, and was purchased by the deceased, who received a trustee's deed therefor. The sale was made on the twenty-eighth day of March, 1895. On or about the seventh day of June the deceased demanded of the defendant, who was in possession of the property, the past due rent. The defendant refused to pay, and thereupon deceased instituted the present suit. He died during the pendency of the action, and the plaintiff, having been appointed administrator of his estate and ordered

by the probate court to take possession of the real estate of his decedent, was substituted as a party plaintiff.

The object of the stipulations in the mortgages was to increase the value of the security by creating the relation of landlord and tenant between the mortgagor and purchaser in case of sale, for without them the owner could only be ousted by an action of ejectment or peaceable entry. The only question is, was that the result of the covenants. Attornment clauses are often inserted in mortgages to enable the mortgagees to recover their interest as rent by remedy of distress, thus creating fictitious tenancies. Such clauses have produced much controversy, but they have generally been upheld. In the case of *Clowes v. Hughes*, L. R. 5 Ex. 160, the deed provided that the mortgagor, in the event of default, should immediately or at any time after such default, hold the mortgaged premises as yearly tenant to the mortgagee. Default having been made, it was held that after notice of an intention to insist on the condition, the mortgagor became the tenant of the mortgagee. Now, if attornment clauses and such a covenant as is found in the *Clowes* case are sufficient (upon the happening of the condition) to create a tenancy, we can conceive of no good reason for holding that the covenants in the deeds of trust in this case did not have that effect. Tenancies are created either by privity of contract or estate. Here the tenancy exists by privity of contract, the rule being that an agreement made between two parties for the benefit of a third person may be enforced by the latter, provided it is supported by a valuable consideration.

The remedy of the deceased was not under section 6397 of the statute. That section and the one following apply only when the land at the time of the sale is

LANDLORD and tenant: attornment.

occupied by a tenant or lessee. Here the defendant was in possession as owner at the time of the sale, and after the purchase the deceased became his landlord, and as such was entitled to the summary remedy provided by section 6392, *supra*, for the collection of past due rent.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.