EQUITY BUILDING AND LOAN ASSOCIATION, Appellant, v. MARY E. MURPHY et al., Respondents.

75  57
88  448

St. Louis Court of Appeals, April 29, 1898.

1. **Building and Loan Association**: DEED OF TRUST: UNLAWFUL DETAINER. Where a party conveys certain real estate to a trustee for the use and benefit of a building and loan association, and by the terms of said deed the said party conveying the property was to remain in possession of said premises as the tenant from month to month of said building and loan association, and to pay $5 per month, beginning when six months' dues and interest on note given to th association were unpaid, and when by the terms of the deed of trust the association, as the lessor, was given the right to enter and take possession of the premises, it is *held* that the effect of the language in the deed of trust was to make the party conveying the property in trust the tenants of the association for the rent reserved, payment to begin after arrearages of dues and interest for six months, and to continue so long as the party should pay the rent reserved.

2. **Parties Competent to Make the Contract.** It was competent for the parties, under the circumstances in the case at bar, to create such a tenancy, and they must abide its consequences.

3. ———. One of the rights created by the contract in the case at bar is the right of any person, having the legal right to the possession of the premises under a deed of foreclosure, to enforce that right against defendant by an action of unlawful detainer.

4. ——: ——: NOTICE: AGREEMENT TO WAIVER. When the trust deed contains an express agreement that no notice is necessary to the defendant before the institution of a suit for unlawful detainer, it is binding on the defendant and no notice is necessary.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED.

LINCOLN & LYDY for appellant.

The court erred in giving peremptory instruction. The provisions of the deed of trust create the relation of landlord and tenant between plaintiff and defendants. This relation existed from the time the deed was executed and was a part of the consideration for making the loan. These parties had the right to make such a contract, and defendants can not repudiate a part of their written agreement and take advantage of the remainder. Such provisions have been uniformly held valid and binding. Wade v. McCormack, 68 Mo. App. 12, and cases cited; Sexton v. Hull, 45 Mo. App. 339, and cases cited. This evidence shows defendants failed to pay their dues and interest for over a year; that they were in possession of the premises as the tenants from month to month of plaintiff, and that plaintiff as lessor, upon default in said payments, was entitled to enter without notice. This made out a *prima facie* case. R. S., secs. 5089, 5092, 5102. Notice to quit was unnecessary and expressly dispensed with by the terms of the trust deed. R. S., sec. 6372. Besides a tenant disclaiming the title of his landlord is not entitled to notice to quit. Lyon v. McMaster, 103 Mo. 612–614. It was error to render judgment against plaintiff and sureties on appeal bond. The statute does not authorize this in actions of unlawful detainer. Gunn v. Sinclair, 52 Mo. 327; Gray v. Dryden, 79 Mo. 106.

O. T. HAMLIN for respondent.

Before appellant can maintain unlawful detainer, he must have had prior possession, either actual or constructive. School District v. Holmes, 53 Mo. App. 487, and case as cited. If the relation of landlord and tenant existed, then respondents were entitled to thirty days' notice. R. S. 1889, sec. 6371. If there a tenancy existed, it was from month to month, hence must have notice. R. S. 1889, sec. 6371.

BOND, J.—This is an action for unlawful detainer begun before one justice of Greene county, taken by change of venue to another, and after judgment of dismissal, appealed to the circuit court. On the trial plaintiff adduced evidence tending to prove the allegations contained in the following petition:

"Plaintiff states it is a corporation, organized under the laws of Missouri, and that on the 27th of March, 1893, defendants Mary E. and M. J. Murphy executed a deed of trust conveying to R. G. Parker, as trustee, lot 45 in block 3, in Hobart's second addition to the city of North Springfield, now a part of the city of Springfield, in Campbell township, Greene county, Missouri, with the buildings and appurtenances thereto belonging, for use and benefit of plaintiff, and by the terms of said deed defendants were to remain in possession of said premises as the tenants from month to month of said plaintiff, and to pay five dollars per month beginning when six months' dues and interest were unpaid; that said tenancy expired on the 22d day of May, 1897; that ever since that time plaintiff has been and is now entitled to the possession of said premises; that afterward said deed of trust was foreclosed and a trustee's deed thereunder duly executed to plaintiff, and on the 22nd of May, 1897, plaintiff exhibited

said trustee's deed to defendants and demanded possession of said premises and same refused, and then payment of rent from them, and same refused by defendants; that defendants willfully and unlawfully hold over and detain the possession of said premises from plaintiff and that plaintiff has sustained damages by reason of said unlawful holding over in sum of one hundred dollars. Wherefore plaintiff demands judgment for possession of said premises and said damages.''

At the conclusion of the testimony the trial court, over plaintiff's objection, gave the following instruction: ''The court instructs the jury that under the evidence in this case your verdict must be for the defendant.'' Verdict and judgment were rendered in accordance. Plaintiff appealed to this court and now challenges the correctness of the above instruction.

As to the nature of the relation created by the deed of trust referred to in the petition, the recitals are, to wit: ''And likewise if said parties of first part shall fail to pay the interest on said note when due, or fail to pay their monthly dues as stockholders as aforesaid, as they accrue, then and in either of said events this deed shall remain in full force and said Mary E. and M. J. Murphy or their assigns shall be the tenants of said Equity Building and Loan Association of Missouri, from month to month, at a monthly rental of five dollars per month, beginning when amount due and unpaid shall equal six months' dues and interest, with the right to remain in possession of said property only so long as the said Mary E. and M. J. Murphy pay the monthly dues and interest due the association. But upon failure to pay said interest and dues, the said association, as lessor of said property, or its assignees, shall have the right to enter and take possession of the same without notice.'' The effect of this language in the deed of trust was to make the defendants the

tenants of plaintiff for the rent reserved, payment to begin after arrearages of dues and interest for six months, and to continue so long as defendants should pay the rent reserved. It was competent for the parties by their contract to create such a tenancy and they must abide its consequences. Wade v. McCormack, 68 Mo. App. 12. One of these is the right of any person having the legal right to the possession of the premises under a deed of foreclosure, to enforce that right against the defendants by an action of unlawful detainer as for a holding over under a lease. Sexton v. Hull, 45 Mo. App. 339. There is no merit in the position of respondents that notice should have been given before the institution of this action, for the reason that the trust deed contained an express agreement dispensing the notice. R. S. 1889, sec. 6372.

Defendants, however, are in no position to complain of want of notice, for the reason that they disclaimed plaintiff's title. Lyon v. McMaster, 103 Mo. 614. Neither was any written demand required under the clause of section 5089, Revised Statutes 1889, permitting an action of unlawful detainer for mere holding over by the tenant. Young v. Smith, 28 Mo. 65.

It is finally insisted by respondent that the petition in this case fails to state any cause of action, in that it does not allege the beginning and end of defendants' tenancy. We are unable to concur in this view. The petition does allege explicitly that the tenancy expired on the twenty-second of May, 1897. This necessarily implies that it existed prior to that date in accordance with the terms of the contract contained in the trust deed executed by defendants on March 27, 1893. Our conclusion is that the court erred in the above instruction.

The judgment will therefore be reversed and the cause remanded. All concur.