ANNIE L. BIERKENKAMP, Respondent, v. LOUIS C. F. BIERKENKAMP, Appellant.

St. Louis Court of Appeals, April 9, 1901.

1. **Unlawful Detainer: POSSESSION: DEMAND: NOTICE TO QUIT: DISSEIZIN.** Unlawful detainers are of two kinds; first a willful holding over without force, after the expiration of a term; second, a wrongful disseizin without force of a prior possessor. In

cases of the first class, no demand in writing for the delivery of possession is required before the institution of the suit.

2. ———: ———: ———: STATUTORY CONSTRUCTION. But in cases of the second class, such a demand is indispensable.

3. ———: ———: ———: JUDGMENT FOR RESTITUTION: DOUBLE DAMAGES. The statute (Revised Statutes 1899, sections 3335-3340) makes it the imperative duty of the court in the case of a finding for the complainant, in an action for unlawful detainer, to give judgment for restitution of the premises, and doubling the sum assessed as damages..

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty*, Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Annie L. Bierkenkamp was the owner of a life estate in a lot and dwelling thereon, described as No. 4041, North Ninth street, in the city of St. Louis. A room on the lower floor of said house was occupied by defendant and her husband, who was the son of said Annie L. Bierkenkamp.

There was evidence tending to show that the son and his wife paid rent for such occupancy at the rate of two dollars per week, and after the death of the son, his widow, Louise C. F. Bierkenkamp, declined to pay further rent, or to deliver the premises to plaintiff, unless plaintiff would make some contract for the occupancy of said building after the death of plaintiff. The evidence further shows that on the fifth of December, 1899, Annie L. Bierkenkamp gave notice to her daughter-in-law to vacate said premises on or before the sixth day of January, 1900, and demanded possession on that date, which being refused, she (Annie L. Bierkenkamp), brought the present action of unlawful detainer before a justice of the peace, from

which court it was taken to the circuit court, and upon a trial there a judgment for damages and restitution of the premises was given by the trial judge, to whom the case was submitted for decision, from which Louise C. F. Bierkenkamp prosecuted her appeal to this court.

*Walter F. McEntire* for appellant.

(1) The court should have sustained the demurrer to the evidence. The evidence failed to show that defendant held over after the term for which the premises were let to her, or one under whom she claimed, or that defendant had willfully and without force disseized plaintiff; and, therefore, failed to bring the case within the purview of the statute. R. S. 1899, sec. 3321. The action being statutory and penal in its nature, must not be extended beyond its apparent purpose. It can not be used as a substitute for ejectment or landlord's summons. State v. Powers, 36 Conn. 77; 23 Am. and Eng. Ency. of Law (1 Ed.), p. 402; Railroad v. Austin, 21 Mich. 390; Connell v. Tel. Co., 108 Mo. 459; State ex rel. v. Railroad, 19 Mo. App. 104; Dudley v. Tel. Co., 54 Mo. App. 391. (2) Unlawful detainer is a possessory action and it is incumbent upon a plaintiff to prove either a prior possession of which defendant has disseized him, or an immediate right to possession by the expiration of defendant's tenure, coupled with a refusal on the part of defendant to deliver. Blount v. Wainright, 7 Mo. 50; Hatfield v. Wallace, 7 Mo. 112.

*Frederick A. Wind* for respondent.

(1) The court did not err in refusing instruction in nature of demurrer to evidence. The evidence tended to show that defendant's husband was a tenant at will, called under our stat-

ute a tenant from month to month (R. S. 1899, sec. 4110). His death terminated the tenancy. Tiedeman on Real Estate, chap. 5, sec. 213. Defendant claims under her husband, and is therefore holding over after the determination of his estate, bringing the case within the letter as well as spirit of Revised Statutes 1899, section 3321. (2) The complaint contains every averment that is required by section 3324, Revised Statutes 1899: First, the complaint is in writing and sworn to by plaintiff; second, the tenement detained is specified; third, it avers unlawful detention by defendant by stating the facts, i. e., plaintiff's right to possession and refusal of defendant to surrender possession after written demand. (3) It was not necessary to aver the damage sustained, nor the monthly rental value, to recover judgment therefore. R. S. 1899, secs. 3324, 3335, 3337; Hixon v. Selders, 46 Mo. App. 275.

BOND, J.—Unlawful detainers are of two kinds: first, a willful holding over without force, after the expiration of a term; second, a wrongful disseizin without force of a prior possessor. In cases of the first class, no demand in writing for the delivery of the possession is required before the institution of the suit. In cases of the second class, such a demand is indispensable. R. S. 1899, sec. 3321; Anderson v. McClure, 57 Mo. App. 96; Building Ass'n v. Murphy, 75 Mo. App. 57. The admissions contained in the record, that the life estate in the house and lot was vested in the plaintiff, constituted a sufficient proof of title and right to possession of the premises, if the defendant was a recusant tenant or a wrongful disseizor. The evidence disclosed that the defendant was let into possession during the life of her husband as his wife; that the tenancy of the husband could not have been longer than from month to month, and, hence, was terminable by a statutory notice. Proof further shows that upon the holding over by defendant

after her husband's death, she was served with notice to quit and a demand for the possession of the premises, notwithstanding she refused to deliver the same.

Upon these facts, there was no error in the action of the trial judge in overruling the demurrer to the evidence interposed by defendant.

The learned counsel for appellant complains of the ruling of the court in permitting an amendment of the pleadings and process which showed a different spelling of appellant's name —Burgenkamp and Bierkenkamp—so as to state it correctly. There was no error in this ruling. The words in question have substantially the same sound, and the variation in the two modes of spelling was wholly immaterial.

It is insisted that the court erred in doubling the damages for the reason that this was not specifically prayed in the complaint. This point is not well taken. The statute makes it the imperative duty of the court, in the case of a finding for the complainant in actions like the present, to give judgment for restitution of the premises and doubling the sum assessed as damages. R. S. 1899, secs. 3335-3340.

Finding no reversible error in this cause, the judgment herein is affirmed. All concur.