MILES    H.    PARSONS, Respondent,    v.    DORA PALMER, Appellant.

Kansas City Court of Appeals, April 1, 1907.

1. **MORTGAGE: Foreclosure: Landlord and Tenant: Notice.** A deed of trust made by the defendant and owner of the premises is construed and it is held that the effect of the foreclosure was to make defendant the tenant at will of plaintiff the purchaser at the foreclosure sale, and she was entitled therefore to thirty days notice to surrender possession.

2. ——:  ——:  ——:  ——: **Possession.** *Held*, also that plaintiff would be presumed to be in possession at the foreclosure since she was the owner and entitled to the benefits of the provisions in the deed of trust.

Appeal from Buchanan    Circuit    Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*Mytton, Parkinson & Crow* for appellant.

(1)   This court has no jurisdiction of a suit in ejectment for the reason that it is a proceeding to try the title to real estate. Kemgelhoefer v. Smith, 171 Mo. 455.   (2)   It was admitted in this case that Dora Palmer, who executed the deed of trust, introduced in evidence, was in possession of the property, and under the express provisions of the deed of trust, she was to and did become the tenant of plaintiff upon his purchase of the real estate at a sale had under and by virtue of the terms of the deed of trust, and that she was entitled to thirty days' notice to vacate before plaintiff was entitled to the possession of the real estate in controversy.   The ouster is alleged in plaintiff's petition to have occurred on the very day of the sale under the deed of trust.   Fisher v. Nelson, 8 Mo. App. 90; Finley v. Babb, 144 Mo. 403; Sexton v. Hull, 45 Mo. App. 339; Cunningham v. Rouse, 157 Mo. 336; Building & Loan Ass'n v. Murphy, 75 Mo. App. 67; Wade v. McCormack, 68 Mo. App. 12.

*George P. Eppler* for respondent.

(1)   While the title to real estate, on the issue made, must be inquired into.   The title to real estate must be affected by the judgment rendered on the entire case as made by the pleadings and evidence.   Fisher v. Johnson, 139 Mo. 433; Land Co. v. Robertson, 158 Mo. 322; Vandergrif v. Brock, 158 Mo. 681.   It is the judgment that affects the title.   Lawson v. Hammond, 191 Mo. 522.   (2)   We deny that error was committed. Defendant offered no evidence.   It is true the deed of trust had some clause in it about being a tenant at will of purchaser, but there is no evidence that she was in possession before the sale or on date of sale. Plaintiff alleges in his petition "that he became the owner of the property on the fifth day of April, 1905,

and that afterwards on the 6th day of April, 1905, defendant entered into said premises against the will of the plaintiff, and without his consent." There is no evidence in the record to show that either party ever relied on a lease clause, or that when suit was filed defendant ever offered to pay plaintiff eight dollars per month rent, although they had occupied the house about eight months when suit was filed. Wade v. McCormack, 68 Mo. App. 12.

ELLISON J.—Plaintiff seeks to obtain possession of certain real estate in Buchanan county, which he alleges the defendant entered against his will and unlawfully detains. The judgment in the trial court was for the plaintiff.

Plaintiff became the purchaser of the property at a sale under a deed of trust executed by defendant, who was admitted to have been the owner, to one Hedenberg. The deed of trust contained the following provision: "And the said party of the first part does further covenant and agree, that if a sale shall be made under the provisions of this deed of trust, then the said party of the first part, her assigns or legal representatives who may be in possession of the said premises at the time of this sale, shall become from the day of the said sale the tenant or tenants at will of the purchaser, at the monthly rent of eight dollars, payable monthly in advance, and shall and will remove at any time thereafter upon one month's notice from said purchaser, without regard to any previous lease, contract or agreement, about the use or occupation of said premises."

Such provision had the effect of creating the relation of landlord and tenant between the purchaser under the deed of trust and the defendant. [Sexton v. Hull, 45 Mo. App. 339; Building Ass'n v. Murphy, 75 Mo. App. 57; Wade v. McCormack, 68 Mo. App. 12.] She was therefore entitled to one month's notice to surrender possession. No notice was given and therefore plaintiff's

case failed and the demurrer offered by defendant should have been sustained.

But plaintiff insists that there was no showing made that defendant was in possession. It is true that no such affirmative showing appears; the defendant not introducing any evidence. But, as already stated, defendant was admitted to have been the owner of the real estate up to the sale under the deed of trust which she executed, which took place April 5, 1905, and plaintiff's petition alleges she was in possession on the next day. As owner of the property she was presumed to be in possession. [Clark v. Insurance Co., 52 Mo. 272; McIntosh v. Rankin, 134 Mo. 345; Hickman v. Hickman, 55 Mo. App. 303.] Defendant therefore must be considered to have been in possession at the time of the sale and entitled to the benefit of the provisions of the deed of trust.

There was no question of title made by the record. The title was not in dispute and the case was entirely one as to whether defendant was a tenant and entitled to a notice to quit.

The judgment is reversed and the cause is remanded. All concur.