

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DORIS KOCINA,                    )
                                 )
            Respondent,          )
                                 )
v.                               )          WD79324
                                 )
TRACY JOHANNES,                  )          Opinion filed:  December 20, 2016
                                 )
            Appellant.           )

## APPEAL FROM THE CIRCUIT COURT OF MILLER COUNTY, MISSOURI
## THE HONORABLE JON A. KALTENBRONN, JUDGE

Before Division One:  Thomas H. Newton, Presiding Judge,
Cynthia L. Martin, Judge and Edward R. Ardini, Jr., Judge

Tracy Johannes ("Johannes") appeals the judgment of the trial court in an unlawful detainer action finding her possession of an apartment owned by Doris Kocina ("Kocina") to be wrongful and ordering her to pay damages in the amount of "double the reasonable rental value of the property" from August 18, 2015, to September 10, 2015, as well as court costs.

On appeal, Johannes alleges that she was a month-to-month at-will tenant and entitled to one month's notice of termination under sections 441.060.3 and 534.030.1.[1] Thus, Johannes argues that Kocina did not have standing to file her complaint for unlawful detainer until her tenancy terminated after the expiration of the statutorily required one-month notice period. We

---

[1] All statutory citations are to the Revised Statutes of Missouri, 2000, as supplemented.

find that there was no landlord-tenant relationship between Johannes and Kocina and, therefore, that Kocina did have standing to file her complaint for unlawful detainer against Johannes.

Johannes alleges in her second point on appeal that the trial court erred in assessing court costs against her because she was represented by Mid-Missouri Legal Service, Corp., which filed a Certificate of Inability to Pay Costs, Fees, and Expenses pursuant to section 514.040.3. We find that the trial court erred in assessing court costs against Johannes.[2] As to those costs, the trial court's judgment is reversed and remanded for entry of judgment consistent with this opinion.

## I.   Facts and Procedural History[3]

Johannes' son entered into an oral employment agreement with Kocina wherein he agreed to provide maintenance at an apartment complex owned by Kocina in exchange for a furnished apartment and utilities. Johannes moved in with her son. On or about June 30, 2015, Johannes' son informed Kocina that he would not continue providing maintenance at the apartments, thereby terminating his tenancy.

Kocina offered Johannes' son the option to continue living in the apartment at $500 per month, but he rejected the proposed arrangement. After Johannes' son terminated the employment agreement, he did not provide any further services to Kocina, make any rental payments, or pay for utilities. Johannes' son vacated the apartment in early August, but his personal possessions remained and Johannes continued to live in the apartment. On August 18, 2015, Johannes was served with a written notice to deliver possession of the apartment to Kocina. Johannes remained in the apartment until September 10, 2015.

---

[2] Costs were taxed against Johannes and her son. The costs taxed against her son are not an issue raised on appeal and are assumed to be proper.

[3] When reviewing a court-tried civil case, "the evidence is viewed in the light most favorable to the trial court's judgment." *White v. Dir. of Revenue*, 321 S.W.3d 298, 302 (Mo. banc 2010).

Meanwhile, Kocina filed a Complaint for Unlawful Detainer on August 26, 2015. After a bench trial, the trial court entered judgment finding that, while the notice referenced a month-to-month tenancy, Johannes never had an agreement with Kocina to occupy the premises and her possession after August 18, 2015, was thus wrongful. The judgment ordered Johannes to pay double the "reasonable rental value of the property" from August 18, 2015 to September 10, 2015, and ordered court costs be paid by Johannes and her son. Johannes appeals the judgment against her.

## II.    Standard of Review

In a court-tried civil case, the court's judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## III.    Discussion

Johannes alleges two points of error on appeal. First, Johannes alleges that the trial court's judgment was in error because the evidence established that she was a month-to-month at-will tenant and entitled to one month's notice of termination under sections 441.060.3 and 534.030.1. As a result, Johannes argues, Kocina did not have standing to file her complaint for unlawful detainer until after the expiration of the required notice period. Johannes alleges in her second point that the trial court erred in assessing court costs against her because she was represented by Mid-Missouri Legal Service, Corp., who filed a Certificate of Inability to Pay Costs, Fees, and Expenses, and the assessment of court costs under such circumstances was prohibited pursuant to section 514.040.3.

## A. Standing

In her first point on appeal, Johannes alleges that the evidence established that she was a month-to-month at-will tenant and therefore entitled to one month's notice of termination under sections 441.060.3 and 534.030.1.

"Unlawful detainer" is defined by section 534.030.1:

> When any person willfully and without force holds over any lands, tenements or other possessions, [1] after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or [2] after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or [3] when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or [4] when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer."

Thus, there are four distinct scenarios under which a person is guilty of unlawful detainer—the holdover tenant class, the foreclosure class, the holdover employee class, and the wrongful possession class. *See P.M. Const. Servs., Inc. v. Lewis*, 26 S.W.3d 284, 288 (Mo. App. W.D. 2000).

Johannes alleges on appeal that she and Kocina had a landlord-tenant relationship and, accordingly, that she was within the holdover tenant class of section 534.030.1 and entitled to one month's notice under section 441.060.3. As a result, she argues that her occupation was lawful and her tenancy did not terminate until expiration of the one-month notice period; until such point, an action for unlawful detainer did not lie. We agree with the trial court that there was no landlord-tenant relationship between Kocina and Johannes and, therefore, the one-month notice requirement found in section 441.060.3 was inapplicable.

4

One of the elements required to establish a landlord-tenant relationship is "a contract, either express or implied, between the parties." *Letsinger v. Drury College*, 68 S.W.3d 408, 411 (Mo. banc 2002) (citation omitted); *see also Santa Fe Trail Redevelopment Corp. v. W.F. Coehn & Co.*, 154 S.W.3d 432, 439 (Mo. App. W.D. 2005). Johannes essentially argues that a landlord-tenant relationship was created by implied consent because Kocina pursued a suit for rent against her and knew of her occupancy both during Johannes' son's employment lease term and after its termination.

Johannes relies, in part, on the case of *Schnucks Carrollton Corp. v. Bridgeton Health & Fitness Inc.*, which states that a tenant who keeps possession after the expiration of the lease term without the landlord's consent and thus has a tenancy at sufferance can be converted to a true tenant if the landlord otherwise "consents to the holdover's continuing possession[.]" 884 S.W.2d 733, 738-39 (Mo. App. E.D. 1994) (citations omitted). In such a situation, the court stated that "a demand or suit for rent or words showing the intention to treat the holdover as a tenant are sufficient." *Id*. at 739 (citations omitted). Johannes relies on language in the notice that Johannes and her son were occupying the apartment as tenants from month-to-month and that the notice was given for the purpose of terminating the tenancy in accordance with section 441.060.

The facts in this case are clearly distinguishable from *Schnucks* in that Johannes never had a lease term, never established a landlord-tenant relationship with Kocina, and therefore could not be a holdover tenant. In addition, Kocina's action was not a suit for rent. The trial court's consideration of the written notice and ultimate finding that "while the notice referenced a month-to-month tenancy, Johannes never had an agreement with Kocina to occupy the premises" is in accord with this analysis.

Johannes also seeks support from *White v. Marshall*, where this court found a resident was a month-to-month tenant, even though the resident was not a party to the underlying expired lease agreement and the lessee had moved out. 83 S.W.3d 57, 61 (Mo. App. W.D. 2012). In finding the existence of a tenancy, the *White* court relied on the facts that the landlord had consented to the resident living in the apartment and that the resident was paying rent on a monthly basis. *Id*. The facts of the present case are again distinguishable as Johannes had not been paying rent.

Even though Kocina was aware that Johannes was occupying the apartment during her son's employment-based tenancy and remained there after her son's tenancy ended, Johannes' "mere occupancy of land . . . with the knowledge but without the consent of the owner[ ] does not create a tenancy." *Kilbourne v. Forester*, 464 S.W.2d 770, 774 (Mo. App. 1970) (citations omitted). In light of the cases reviewed, Kocina did not imply her consent to a landlord-tenant contract with Johannes following the termination of her son's tenancy, particularly where no payment of rent was ever tendered by Johannes. Thus, no landlord-tenant relationship existed between Kocina and Johannes, and Johannes was not entitled to one month's notice of termination under section 441.060.3 before she could be guilty of unlawful detainer under section 534.030.1.

Because no landlord-tenant relationship existed between Kocina and Johannes, Johannes' occupation of the apartment fell within the fourth scenario provided in section 534.030.1, wrongful possession. A person is guilty of unlawful detainer as a wrongful possessor when she wrongfully and without force dispossesses the person who has legal right to possession and then refuses or neglects to vacate after demand is made in writing for delivery of possession of the premises. § 534.030.1. While "a written demand for possession prior to the institution of the

6

action is necessary in such actions[,]" a landlord-tenant relationship is unnecessary. *P.M. Const. Servs.*, 26 S.W.3d at 288 (citations and inner quotation marks omitted).

Here, Johannes wrongfully and without force dispossessed Kocina of her legal right to possession of the apartment. When Johannes failed to vacate the apartment after she was served with written demand, she was guilty of unlawful detainer under section 534.030.1. Kocina, as the person with legal right to the apartment, had standing to file her unlawful detainer action any time after she made the written demand. In conclusion, we find Johannes was a wrongful possessor and not a holdover tenant, that the one-month notice of termination requirement in section 441.060.3 was not applicable to her status, and that Kocina accordingly had standing to file her Complaint for Unlawful Detainer.

Point denied.

### B.      Court Costs

Johannes alleges in her second point on appeal that the trial court erred in assessing court costs against Johannes because she was represented by Mid-Missouri Legal Service, Corp., who filed a Certificate of Inability to Pay Costs, Fees, and Expenses pursuant to section 514.040.3. Section 514.040.3 provides as follows:

> Where a party is represented in a civil action by . . . a legal services . . . organization funded in whole or substantial part by moneys appropriated by the general assembly of the state of Missouri, which has as its primary purpose the furnishing of legal services to indigent persons . . . all costs and expenses related to the prosecution of the suit may be waived without the necessity of a motion and court approval, provided that a determination has been made by such . . . organization that such party is unable to pay the costs, fees and expenses necessary to prosecute or defend the action, and that a certification that such determination has been made is filed with the clerk of the court.

Pursuant to section 514.040.3, so long as "the legal services organization representing the party make[s] a determination that the party is unable to pay the [court costs] and a certificate of such

determination [is] filed with the clerk of the court[,]" the "court does not have jurisdiction or discretion to assess cost[s] or fees against [that] party." *State ex rel. Holterman v. Patterson*, 24 S.W.3d 784, 786 (Mo. App. E.D. 2000). The only relevant distinction in this case is that Johannes was not the prosecuting party. The statute, however, has also been applied to waive costs and expenses for defending parties. *See, e.g.*, *Versey v. Jirak*, 219 S.W.3d 774, 777 (Mo. App. E.D. 2007) (holding that mother in paternity action filed by putative father could not be liable for fees after qualified legal services organization filed certification that mother lacked ability to pay).

Here, Johannes was represented by Mid-Missouri Legal Service, Corp., a not-for-profit Missouri Corporation that provides legal services to the indigent and low-income clients and receives substantial funds from the State of Missouri. The organization made a determination that Johannes was unable to pay the costs and expenses related to the suit and filed a Certificate of Inability to Pay Costs, Fees and Expenses with the court. Thus, the trial court did not have the discretion or legal authority to assess costs or fees against Johannes.

Point granted.

## IV.    Conclusion

We find that there was no landlord-tenant relationship between Johannes and Kocina and, thus, Kocina had standing to file her Complaint for Unlawful Detainer against Johannes. We also find that the trial court erred in assessing court costs against Johannes. As to costs assessed against Johannes, the trial court's judgment is reversed and remanded for entry of judgment consistent with this opinion.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

8