

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| IDA CATHERINE ADAMS,<br>f/k/a Ida Catherine Watring, | ) | No. ED111617 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| v. | ) | Cause No. 22AB-AC02007 |
| | ) | |
| DIANE WARE, et al., | ) | Honorable Matthew W. Houston |
| | ) | |
| Respondents. | ) | Filed: January 30, 2024 |

<u>Introduction</u>

Ida Catherine Adams, f/k/a Ida Catherine Watring (Adams) appeals from the judgment of the trial court, denying her petition for unlawful detainer filed against Diane Ware, Bill Dixon, and Matthew Ware (collectively, Respondents). On appeal, she argues the trial court erred in applying the three-year statute of limitations for unlawful detainer, and in finding Adams and Respondents did not have a landlord-tenant relationship. We reverse and remand.

<u>Background and Procedure</u>

The facts of this case involve a family dispute over the occupancy of a piece of land in Sullivan, Missouri (the Property), resulting in Adams filing a petition for unlawful detainer against Respondents, who currently occupy the Property. The trial court held a

bench trial on the petition on December 13, 2022, from which the following facts and inferences are undisputed on appeal.

In a general warranty deed dated September 2, 2003, Adams conveyed the Property to her daughter, Donna Atchison, and to the heirs and assigns of Donna Atchison. The deed, however, reserved for Adams "the right to use, occupy and enjoy said real estate and premises for and during her lifetime" (life estate). Although Adams had a life estate in the Property, she nevertheless allowed Donna Atchison to live on the Property and was aware that Donna Atchison rented out the Property to others. In or about 2017, Donna Atchison entered into a written lease with her niece Diana Ware (Ware). Donna Atchison died sometime between 2017 and 2022. At some point between 2017 and 2022, Robert Atchison, the husband of the late Donna Atchison, updated the lease with Ware. Ware and Adams never entered into a lease or rental agreement for the Property. At the time of the 2022 bench trial, Respondents had been residing continuously at the Property for five years.

On September 14, 2022, Adams sent Respondents a notice of termination of tenancy, stating that Adams had a life estate interest in the Property but that Respondents were currently residing on the Property. The notice stated Adams was terminating Respondents' tenancy and directed Respondents to vacate the Property on or before October 31, 2022. Respondents did not vacate the Property. On November 1, 2022, Adams sent Respondents a notice to quit the Property, stating she was entitled to possession and occupancy of the Property but Respondents were unlawfully detaining the Property. Respondents did not vacate the Property, and, on November 21, 2022, Adams filed a petition for unlawful detainer against Respondents. On December 4, 2022, Robert

2

Atchison, Carl Strosnider, and Caleb Atchison[1] executed a quit claim deed conveying the Property to Ware. This 2022 quit claim deed included language that Adams reserved the right to use, occupy, and enjoy the Property during her lifetime.

The trial court entered judgment in favor of Ware, finding Adams' action for unlawful detainer was barred under the three-year statute of limitations in Section 534.300[2] because Respondents had maintained uninterrupted occupancy of the Property for more than three years without a landlord-tenant relationship between Adams and Ware. Adams filed a motion for reconsideration, which was deemed denied. This appeal follows.

## Standard of Review

As in any court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it misapplies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976); JP Morgan Chase Bank v. Tate, 279 S.W.3d 236, 237-38 (Mo. App. E.D. 2009) (appeals court reviews unlawful detainer action under standard set forth in Murphy, 536 S.W.2d at 32). We view the evidence and the inferences therefrom in the light most favorable to the judgment, and we disregard all contrary evidence and inferences. P.M. Const. Servs., Inc. v. Lewis, 26 S.W.3d 284, 287 (Mo. App. W.D. 2000). We review *de novo*, however, the trial court's application of law and statutory interpretation. Goser v. Boyer, 633 S.W.3d 482, 486 (Mo. App. E.D. 2021).

## Discussion

---

[1] Ware testified Carl Strosnider and Caleb Atchison were the sons of Donna and Robert Atchison. Ware also testified she was unaware whether there had been a determination of Donna Atchison's heirs in Missouri through a probate proceeding.

[2] All statutory references are to RSMo. cum supp. 2022, unless otherwise indicated.

Adams raises two points on appeal. In her first point, she argues the trial court misapplied the law by finding the three-year statute of limitations as set forth in Section 534.300 had run. In her second point, she argues the trial court misapplied the law by finding Respondents and Adams did not have a landlord-tenant relationship, in that Respondents occupied the Property with Adams' consent, which created a tenancy at will or by sufferance. We agree with her first point but disagree with her second, and we address both points together.

Adams asserts the trial court erred in denying her petition for unlawful detainer because the judgment erroneously applied Section 534.300, in that the three-year statute of limitations does not begin to run until the peaceable possession expires or is terminated. We agree.

Unlawful detainer is a limited statutory remedy that allows a party to obtain immediate possession of real property. Fed. Nat'l Mortgage Ass'n v. Wilson, 409 S.W.3d 490, 495 (Mo. App. E.D. 2013). The right to seek relief for unlawful detainer is defined in Section 534.030.1, which provides for unlawful detainer actions in four circumstances, as follows:

> [1] When any person willfully and without force holds over any lands, tenements or other possessions, after the termination of the time for which they were demised or let to the person, or the person under whom such person claims; or
>
> [2] after a mortgage or deed of trust has been foreclosed and the person has received written notice of a foreclosure; or …
>
> [3] when premises are occupied incident to the terms of employment and the employee holds over after the termination of such employment; or
>
> [4] when any person wrongfully and without force, by disseisin, shall obtain and continue in possession of any lands, tenements or other

4

possessions, and after demand made, in writing, for the delivery of such possession of the premises by the person having the legal right to such possession, or the person's agent or attorney, shall refuse or neglect to vacate such possession, such person is guilty of an "unlawful detainer[.]"

Accordingly, under Section 534.030.1, there are four classes of persons guilty of unlawful detainer: the holdover tenant class, the foreclosure class, the holdover employee class, and the wrongful possessor class. See Kocina v. Johannes, 505 S.W.3d 474, 477 (Mo. App. W.D. 2016).

Adams posits here that Respondents were either wrongful possessors or holdover tenants. Under the unique circumstances here, we do not believe there was a landlord-tenant relationship between Adams and Respondents. A landlord-tenant relationship requires a contract, either express or implied, between the parties. Id. Courts will impose a landlord-tenant relationship when there is specific agreement between the parties, even if it is not written. See, e.g., Brown v. Barnes, 641 S.W.3d 241, 245-46 (Mo. App. W.D. 2021) (while there was no written lease or rental agreement, parties had oral agreement permitting Barnes to occupy property in exchange for maintaining it, therefore there was a landlord-tenant relationship); Phelps v. Phelps, 299 S.W.3d 707, 708-09 (Mo. App. S.D. 2009) (same). Here, however, although Adams was aware that Donna Atchison, the remainderman to Adams' life estate, had leased the Property to Respondents, there was no evidence presented that Adams had an agreement, oral or written, with Respondents permitting Respondents to reside at the Property. While Adams was aware that Respondents were residing at the Property, "mere occupancy of land … with the knowledge but without the consent of the owner[] does not create a tenancy." Kocina, 505 S.W.3d at 478 (citation omitted). Moreover, while the act of accepting rent from a person

5

occupying a property can create a landlord-tenant relationship, see id., here the financial benefit from the lease went to Donna Atchison and, later, Robert Atchison, not to Adams. The record here does not show that Adams consented in words or actions to a lease agreement with Respondents. The trial court did not err in finding there was no landlord-tenant relationship, and we deny Adams' second point on appeal.

Thus, the relevant class for unlawful detainer here is the wrongful possessor class. A person is guilty of unlawful detainer as a wrongful possessor when he or she, first, "wrongfully and without force dispossesses the person who has legal right to possession" and, second, refuses to vacate "after demand is made in writing for delivery of possession of the premises." Id. at 478. A written demand for possession is necessary prior to filing an action for unlawful detainer. Brown, 641 S.W.3d at 246.

The first element of wrongful possession was met here: Respondents were "wrongfully and without force, by disseisin"[3] in possession of property to which Adams had "the legal right to such possession." Section 534.010.1. Adams had an exclusive legal right to possession of the Property, in that she had a life estate interest in the Property. Bierkenkamp v. Bierkenkamp, 88 Mo. App. 445, 448 (Mo. App. 1901) ("that the life estate in the house and lot was vested in the plaintiff, constituted a sufficient proof of title and

---

[3] Respondents argue on appeal that Adams was not entitled to bring an action for unlawful detainer under the wrongful possessor class, in that Respondents were not in possession of the Property "wrongfully and without force, by disseisin" because Adams did not have prior actual possession of the Property, as is required by the phrase "by disseisin." We disagree. Missouri courts have interpreted the phrase "by disseisin" in Section 534.030.1 "to limit unlawful-detainer actions brought under the [wrongful possessor] class to only those cases where the petitioner had prior possession of the property at issue." Goser v. Boyer, 633 S.W.3d 482, 492-93 (Mo. App. E.D. 2021). Adams here did have prior actual possession of the Property. She owned the Property until she deeded it to Donna Atchison. Although Adams deeded the Property to Donna Atchison, Adams retained a life estate in the Property for herself, which was sufficient to establish the legal right to possession. See Bierkenkamp v. Bierkenkamp, 88 Mo. App. 445, 448 (Mo. App. 1901). Moreover, there was testimony that, after deeding the Property to Donna Atchison, Adams continued to live on the Property for some time, although not immediately prior to Respondents taking possession.

right to possession of the premises"); see also Boillot v. Conyer, 887 S.W.2d 761, 763 (Mo. App. E.D. 1994) (incident to life estate is exclusive possession and control of premises). Although Adams had the exclusive right to possess the Property, Respondents were residing on the Property. Respondents' possession was wrongful.[4]

The second element of wrongful possession was also met, in that Respondents refused to vacate the Property after Adams made a demand in writing "for the delivery of … possession of the premises." Section 534.030.1. Here, Adams, for reasons not included in the record, opted in the summer of 2022 to exercise her right for exclusive possession of the Property. On September 14, 2022, Adams provided Respondents with a written demand for possession of the Property when she sent them a letter stating they must vacate on or before October 31, 2022. Respondents did not vacate by October 31, 2022. Adams

---

[4] We clarify that, although Respondents were residing on the Property pursuant to a lease, that lease was with, first, Donna Atchison and, later, Robert Atchison, but not with Adams. Donna Atchison was the vested remainderman for the Property. See Waddell v. Waddell, 12 S.W. 349, 350 (Mo. 1889) (deed that creates life estate for grantor and provides title to grantee after grantor's death creates vested remainder in grantee). While Donna Atchison, as vested remainderman, held the Property in fee simple, her interest could not be enjoyed until the future. See Theodore Short Trust v. Fuller, 7 S.W.3d 482, 489 (Mo. App. S.D. 1999) ("it is characteristic of a vested remainder that the legal title comes to reside at once in an identifiable person or persons, although his or their possession may be postponed until termination of the preceding estate") (citation omitted); Graves v. Hyer, 626 S.W.2d 661, 664 (Mo. App. W.D. 1981); see also Berrett v. Standard Fire Ins. Co., 166 Md. App. 321, 888 A.2d 1189, 1196 (2005) (vested remainder subject to a life estate holds fee simple interest in property). Rather, Adams held a life estate in the Property, and as life estate holder, she had the exclusive right to possession, control, and enjoyment of the premises during her lifetime, even to the exclusion of the remainderman. See Boillot v. Conyer, 887 S.W.2d 761, 763 (Mo. App. E.D. 1994) (life estate carries exclusive possession and control of premises, and any right of remainderman to possess or enjoy property is deferred). Because a remainderman has only future rights to possess and enjoy a property, while the remainderman can sell or convey his or her future interest in the property, a remainderman cannot convey the life tenant's interest. See Hogg v. Hogg, 619 S.W.3d 921, 927 (Ky. App. 2020) ("[a] remainderman generally can sell or convey her remainder interest in realty even though the date of full possession and enjoyment is not due, but a remainderman cannot convey the life tenant's interest"); Berrett 888 A.2d at 1196 (remainderman cannot convey life tenant's interest); Statler v. Watson, 160 Neb. 1, 68 N.W.2d 604, 607 (1955) (remainderman does not have right to possession of real estate during existence of life tenancy); see also 31 C.J.S. Estates § 104 (2020). We therefore conclude that Donna Atchison and Robert Atchison had no legal right to lease the Property to Ware during Adams' lifetime when Adams was not a party to the lease and there was no evidence indicating she received a benefit.

7

therefore established both necessary elements to prove Respondents wrongfully possessed the Property and were thus guilty of unlawful detainer under Section 534.030.1.

Unlawful detainer proceedings are summary in nature, and the only issue to be decided is the immediate right of possession. Phelps, 299 S.W.3d at 709. Any issue relating to title or matters of equity, such as mistake, estoppel and waiver, cannot be raised as a defense. Wells Fargo Bank, N.A. v. Smith, 392 S.W.3d 446, 454 (Mo. banc 2013). The only defense to a claim of unlawful detainer is the statute of limitations set forth in Section 534.300, which provides:

> The provisions of this chapter shall not extend to any person who has had the uninterrupted occupation or been in quiet possession of any lands or tenements for the space of three whole years together, immediately preceding the filing of the complaint, or who has continued three whole years in the peaceable possession after the time for which the premises were demised or let to him, or those under whom he claims, shall have expired.

The question here is, when did Section 534.300's three-year statute of limitation begin to run. The limitations clock begins to run when the occupant's possession becomes adverse to the landowner. See Phelps, 299 S.W.3d at 710. In the context of wrongful possession, the possession becomes adverse when the landowner or person with legal right to possession of a property gives a written demand for the current resident to turn over possession. Kocina, 505 S.W.3d at 478 (Kocina, as person with legal right to property, could file unlawful detainer action "any time after she made the written demand"). An action for unlawful detainer on the basis of wrongful possession does not exist until there is a written demand for possession of the property, and the written demand is likewise when the statute of limitations begins to run.

Here, on September 14, 2022, Adams sent Respondents a letter asserting that she had the legal right to possession of the Property and demanding Respondents vacate the Property on or before October 31, 2022. Accordingly, the three-year statute of limitations began to run on September 14, 2022 with the written demand. Adams brought her action for unlawful detainer well within three years of this date, and thus it was error for the trial court to find the statute had run.

Point I is granted.

## Conclusion

The judgment of the trial court is reversed, and we remand for the trial court to enter judgment consistent with this opinion.

_____
Gary M. Gaertner, Jr., J.

Lisa P. Page, P.J., and
Angela T. Quigless, J., concur.