Anthony Rex Gabbert, Judge
Tarmac International, Inc. appeals a motion court's denial of its motion to compel arbitration. At issue is the arbitration provision in Tarmac's employment agreement with respondent Stephen Latenser. Tarmac alleges three points of error. First, it argues the court's invalidation of the arbitration provision erroneously relied on the notice requirements of Section 435.460, RSMo 2000, when the Federal Arbitration Act (FAA) preempts Missouri law. Second, Tarmac argues the court lacked authority to adjudicate the arbitration provision's validity, because the incorporated American Arbitration Association (AAA) rules delegate that authority to an arbitrator; alternatively, Tarmac contends the arbitration provision is a separate and enforceable contract supported by consideration. Third, Tarmac argues Latenser waived the right to challenge the arbitration provision's enforceability by not filing a reply to Tarmac's answer; alternatively, Tarmac contends Latenser's challenge is meritless and a matter delegated to the arbitrator. We reverse and remand with instructions to stay the pending case and compel arbitration.
Background
Tarmac is a Missouri company doing business nationwide and internationally. In January 2011, Tarmac hired Latenser as a *463 temporary salesperson, and the parties signed an employment agreement containing the following arbitration provision:
Any controversy or claim arising out of or relating to this Agreement shall be settled by arbitration in Kansas City, Missouri in accordance with the Commercial Arbitration Rules of the American Arbitration Association. This Agreement contains a binding arbitration provision which may be enforced by the parties.
(Emphasis omitted.) On July 15, 2014, Tarmac terminated Latenser's employment. Latenser filed a petition for damages in October 2016, alleging breach of contract and unjust enrichment. Tarmac filed a motion to compel arbitration in February 2017. On September 15, 2017, the motion court denied the motion, finding the arbitration provision was invalid, because it lacked consideration and failed to satisfy Missouri's notice requirements. This appeal follows.
Standard of Review
"This court will affirm the judgment of the motion court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." Wood ex rel. Estate of Lisher v. Lisher , 187 S.W.3d 913, 915 (Mo.App. W.D. 2006) (citing Murphy v. Carron , 536 S.W.2d 30 (Mo. banc 1976) ). "Whether a motion to compel arbitration should have been granted is a question of law, which we review de novo. " State v. American Tobacco Co. , 534 S.W.3d 840, 862 (Mo. App. 2015). Our review of the trial court's interpretation of an arbitration provision is also de novo , as arbitration is contractual, and contract interpretation is a question of law. NutraPet Sys., LLC v. Proviera Biotech , LLC, No. WD 80416, 2017 WL 6559976, at * (Mo. App. Dec. 26, 2017) (citations omitted).
Analysis
We instantly address Tarmac's second and third points, as they are dispositive of the remaining issues. Points II and III, in relevant part, address the arbitration provision's arbitrability. "Arbitrability" refers to whether the provision delegates threshold issues of validity, enforcement, application, or formation to an arbitrator. Dotson v. Dillard's, Inc. , 472 S.W.3d 599, 606 (Mo. App. 2015) (citations omitted). Point II addresses the arbitration provision's validity, while Point III addresses its enforcement. Both points argue the court lacked authority to adjudicate those issues, because the incorporated AAA rules delegate that authority to an arbitrator. We thus consider Points II and III together.
While arbitrability "is undeniably an issue for judicial determination," AT & T Techs., Inc. v. Comms. Workers of Am. , 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), "[a]rbitrability becomes an issue for the arbitrator to decide where the agreement provides clear and unmistakable evidence that the parties intended to arbitrate those issues." Springleaf Financial Services, Inc. v. Shull , 500 S.W.3d 276, 282 (Mo. App. 2016) (citing First Options of Chicago, Inc. v. Kaplan , 514 U.S. 938, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ). Though the AAA delegation provision is not explicitly written into the arbitration provision, Tarmac asserts it is incorporated by specific reference to the AAA's rules ("this Agreement shall be settled by arbitration ... in accordance with the Commercial Arbitration Rules of the American Arbitration Association").[1] In a recent decision, the Missouri *464 Supreme Court unequivocally agreed, holding "the incorporation of the American Arbitration Association [ ] rules into the arbitration agreement provided clear and unmistakable evidence the parties intended to delegate threshold issues of arbitrability to the arbitrator." State ex rel. Pinkerton v. Fahnestock , 531 S.W.3d 36, 39 (Mo. banc 2017).[2]
Accordingly, this court is compelled to enforce the delegation provision "unless the opposing party directly challenges" the delegation provision's enforceability. Springleaf at 282,. A direct challenge is one that specifically addresses the delegation provision. Rent-A-Center, West, Inc. v. Jackson , 561 U.S. 63, 72, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). "Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." Id. at 69, 130 S.Ct. 2772. Latenser does not specifically challenge the delegation provision's enforceability; instead, his arguments (concerning unconscionability, lack of consideration, or illusoriness) are challenges to the employment agreement, or to the arbitration clause, as a whole. In light of the delegation clause, these arguments should be decided by the arbitrator, not this Court. See, Pinkerton at 51-52,.
We thus find the parties clearly and unmistakably intended to delegate threshold issues to the arbitrator, and we further find the delegation provision to be enforceable. Points II and III, as they relate to arbitrability, are granted. Point I and the remaining claims under Points II and III are either reserved for the arbitrator or, in the case of Point III's procedural claim, rendered moot.[3] We reverse and remand with instructions to stay the pending case and compel arbitration.
Conclusion
We conclude the trial court erred in denying Tarmac's motion to compel arbitration, because the court lacked authority to adjudicate threshold arbitrability issues, in that the American Arbitration Association rules incorporated into the arbitration provision delegated that authority to an arbitrator. Reversed and remanded with *465 instructions to continue the previous stay of the pending case and compel arbitration.
All concur.

The AAA delegation provision in question, Rule R-7, provides, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim."

Because Pinkerton was decided after the motion court ruled on Tarmac's motion to compel arbitration, Latenser requests the opportunity to modify his delegation argument. We decline this request. Pinkerton decisively settles whether the parties intended to arbitrate, and, pursuant to Rent-A-Center, West, Inc. v. Jackson , 561 U.S. 63, 72, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010), specific challenges to the delegation provision's enforceability could have been raised below.

Though we are aware Latenser concedes Point I in his brief, the validation determination properly belongs before the arbitrator. As the United States Supreme Court stated in AT & T Techs., Inc. v. Comms. Workers of Am. , 475 U.S. 643, 649-50, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986),
[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. Whether 'arguable' or not, indeed even if it appears to the court to be frivolous, the ... agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator. 'The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim. The agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'
(Citation omitted.)