Gary D. Witt, Judge
Appellants Joe Machens Automotive Group, Inc., Joe Machens Nissan, Inc., and GRD Auto Sales, Inc. (collectively, "Joe Machens") bring an interlocutory appeal challenging the Circuit Court of Boone County, Missouri's denial of Joe Machens's Motion to Stay Proceedings and Compel Arbitration. Joe Machens raises three allegations of error on appeal. We reverse and remand.
Factual Background
On November 3, 2015, Tina and Paul Fogelsong, Patrick Bonnot, and Carol Benna (collectively, "Plaintiffs"), filed a class action suit against Joe Machens alleging that Joe Machens fraudulently sold to Plaintiffs vehicles marketed as "brand new." But, the Plaintiffs allege that their vehicles had previously sustained hail damage which Joe Machens fixed but did not disclose prior to sale. Joe Machens moved to compel arbitration and stay the action pending the outcome of arbitration ("Motion").
Joe Machens's Motion alleged that the Plaintiffs had agreed to binding arbitration in conjunction with their vehicle purchases. At the time of purchase, each of the Plaintiffs entered into a "Retail Buyers Order" which contained an agreement to arbitrate any dispute arising out of or related to the purchase of their vehicle. The arbitration agreement of the Retail Buyers Orders provided:
ARBITRATION
MANDATORY ARBITRATION OF DISPUTES. ANY CLAIM, CONTROVERSY
*395 OR DISPUTE OF ANY KIND BETWEEN THE CUSTOMER AND THE COMPANY ARISING OUT OF OR RELATED TO THIS AGREEMENT (WHETHER BASED ON CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION OR ANY OTHER LEGAL OR EQUITABLE THEORY) SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION, PURSUANT TO THE FOLLOWING TERMS.
a. The Federal Arbitration Act, not state law, shall govern the arbitration process and the question of whether a claim is subject to arbitration. The customer, however, retains the right to take any claim, controversy or dispute that qualifies to small claims court rather than arbitration.
b. A single arbitrator engaged in the practice of law will conduct the arbitration. The arbitrator will be selected according to the rules of the American Arbitration Association or, alternatively, may be selected by agreement of the parties, who shall cooperate in good faith to select the arbitrator. The arbitration shall be conducted by, and under the then-applicable rules of, the American Arbitration Association. Any required hearing fees and costs shall be paid by the parties as required by the applicable rules, but the arbitrator shall have the power to apportion such costs as the arbitrator deems appropriate.
c. The arbitrator's decision and award will be final and binding, and judgment on the award rendered by the arbitrator may be entered in any court with jurisdiction.
d. No claim, controversy or dispute may be joined in an arbitration with a claim, controversy or dispute of any other person, or resolved on a class-wide basis. The arbitrator may not award damages that are barred by this Agreement and the Customer and the Company both waive any claims for an award of damages that is excluded under this Agreement.
("Arbitration Agreements"). The Retail Buyers Orders signed by the Plaintiffs required the parties to sign twice. One signature was for the purchase which, directly above the Plaintiffs' signatures, the agreement states: "THIS CONTRACT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES. " Additionally, the Plaintiffs were required to sign a separate box containing the Arbitration Agreement itself.
The parties conducted limited discovery on the Motion. On August 31, 2017, the circuit court held a hearing on the Motion ("Hearing"). The court, on October 17, 2017, denied Joe Machens's Motion finding that the Arbitration Agreements were unconscionable ("Judgment"). This appeal followed. Section 435.440.1(1).[1]
Standard of Review
"When faced with a motion to compel arbitration, the motion court must determine whether a valid arbitration agreement exists and, if so, whether the specific dispute falls within the scope of the arbitration agreement." Nitro Distrib., Inc. v. Dunn , 194 S.W.3d 339, 345 (Mo. banc 2006). "In making these determinations, [we] should apply the usual rules of state contract law and canons of contract interpretation." Id.
"Whether or not a dispute is covered by an arbitration agreement is a question of law for the courts."
*396 Kansas City Urology, P.A. v. United Healthcare Servs. , 261 S.W.3d 7, 11 (Mo. App. W.D. 2008). "Whether the trial court should have granted a motion to compel arbitration is a question of law decided de novo. " Ellis v. JF Enters., LLC , 482 S.W.3d 417, 419 (Mo. banc 2016). "We also review de novo whether the right to insist on arbitration, if present, has been waived." Frye v. Speedway Chevrolet Cadillac , 321 S.W.3d 429, 435 (Mo. App. W.D. 2010). "However, issues relating to the existence of an arbitration agreement are factual and require our deference to the trial court's findings." Katz v. Anheuser-Busch, Inc. , 347 S.W.3d 533, 539 (Mo. App. E.D. 2011).
Discussion
The circuit court found that the Arbitration Agreements were unenforceable because they were unconscionable. In its first point on appeal, Joe Machens alleges that the circuit court erred in denying its Motion because the Arbitration Agreements delegate the question of arbitrability to the arbitrator. Joe Machens contends that this Court need not decide whether the circuit court was correct in its finding of unconscionability because, under Missouri law as it currently exists, the Arbitration Agreements reserve that threshold question for determination by an arbitrator. As discussed more fully below, this issue was not presented to the circuit court. Thus, we must address whether such a claim is properly before us before we can address the merits of the argument.
The Arbitration Agreements all stated that the arbitration would be conducted "by, and under the then-applicable rules of, the American Arbitration Association." The Consumer Rules of the American Arbitration Association ("AAA") state that: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Joe Machens seeks to enforce this provision and have the arbitrability of this dispute pursuant to the Arbitration Agreements decided by the arbitrator.
When an arbitration agreement contains a provision or clause delegating threshold issues of arbitrability to the arbitrator, the provision will be upheld so long as the provision represents a "clear and unmistakable" intent to allow issues of arbitrability to be decided by the arbitrator rather than by a court. Rent-A-Center, W., Inc. v. Jackson , 561 U.S. 63, 69 n.1, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). In 2015, this Court found that that "there is no express delegation provision" when there is "only a general reference to 'the then Existing Commercial Arbitration Rules of the American Arbitration Association.' " 50 Plus Pharmacy v. Choice Pharmacy Sys., LLC , 463 S.W.3d 457, 461 (Mo. App. W.D. 2015). This finding was endorsed in Dolly v. Concorde Career Colls., Inc. , which similarly concluded that there was not a "clear and unmistakable" intent to delegate arbitrability where the agreement merely stated that the proceedings would be conducted by the "American Arbitration Association ... under its Commercial Rules." 537 S.W.3d 838, 843 (Mo. App. W.D. 2017).[2] The only distinction between the arbitration language in the Arbitration Agreements and the language present *397 in 50 Plus Pharmacy and Dolly was that, in those cases, a specific set of AAA rules was identified.[3] Thus, under then existing precedent, there would have been no support for an argument that the language in the Arbitration Agreements constituted a clear and unmistakable delegation provision.
However, on October 31, 2017, fourteen days after the trial court in this matter entered its Judgment, the Missouri Supreme Court handed down State ex rel. Pinkerton v. Fahnestock , 531 S.W.3d 36 (Mo. banc 2017). Pinkerton involved an arbitration agreement which stated that arbitration was "to be administered by the American Arbitration Association ... in accordance with its commercial arbitration rules." Id. at 40. The Supreme Court noted that parties to an arbitration agreement may " 'incorporate contractual terms by reference to a separate, noncontemporaneous document, including a separate agreement to which they are not parties, including a separate document which is unsigned.' " Id. at 45 (quoting Intertel, Inc. v. Sedgwick Claims Mgmt. Servs., Inc. , 204 S.W.3d 183, 196 (Mo. App. E.D. 2006) ). "There is no requirement that an incorporated document be attached to the contract or provided to the parties prior to the execution of the contract." Id. The Court went on to find that the language in the arbitration agreement was "not a mere passing reference" to the AAA rules but instead was "a clear reference to an identifiable, ascertainable set of rules" which established "the parties' intent to incorporate the AAA commercial arbitration rules" into the agreement, including the delegation provision of those rules. Id. The Court in Pinkerton expressly stated that "to the extent 50 Plus Pharmacy and Dolly hold that incorporation by reference of the AAA rules is insufficient to establish the parties intended to delegate threshold issues of arbitrability, they should no longer be followed." Id. at 46, n.6.
The parties are in agreement that, in this case, it was never argued before the circuit court that the Arbitration Agreements contained an enforceable delegation provision. Plaintiffs argue that the applicability of the delegation provision has been waived because it was not raised below. Joe Machens contends that the applicability of the provision has not been waived because there was a firm and clear shift in the law between when the Judgment was rendered and this appeal. According to Joe Machens, it would have been futile to raise the issue of the delegation provision below because, at the time, the case law clearly held that the incorporation of the AAA rules by reference was insufficient to support an enforceable delegation provision. Now that the law deems such incorporation effective, expressly abrogating prior holdings to the contrary, Joe Machens should be allowed to argue the delegation provision's applicability. We agree.
Joe Machens was not prevented from arguing the applicability of the delegation provision of the AAA rules below. Pinkerton proves this fact because the issue was only reviewed by the Supreme Court because the parties in that case specifically raised and argued the delegation clause in the trial court. Defendant's motion in that *398 action was granted by the trial court and affirmed by the Supreme Court on appeal.[4] We are, however, sympathetic to the argument that parties are loathe to raise arguments to the trial court that, based on sound precedent, they know to be without merit.
There are several general principles of law that are at issue here. The "Court will generally not convict a lower court of error on an issue that was not put before it to decide." Smith v. Shaw , 159 S.W.3d 830, 835 (Mo. banc 2005). By failing to raise an argument in the trial court, a party waives the issue on appeal. Id. ; Whitehill v. Whitehill , 218 S.W.3d 579, 587 (Mo. App. S.D. 2007). But also, generally true is that, "a change in the law by judicial decision is to be given retroactive effect." Geran v. Xerox Educ. Servs., Inc. , 469 S.W.3d 459, 465 (Mo. App. W.D. 2015) (citing Sumners v. Sumners , 701 S.W.2d 720, 723 (Mo. banc 1985) ). "[I]f, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied." Id. ; Carpenter v. Wabash Ry. Co. , 309 U.S. 23, 26-27, 60 S.Ct. 416, 84 L.Ed. 558 (1940).
In Sumners , the Missouri Supreme Court reviewed whether certain property was properly declared to be separate property in a dissolution. Sumners , 701 S.W.2d at 721. Between the circuit court's judgment and the decision on appeal, the Supreme Court adopted a new source of funds rule changing how marital property was to be classified. Id. at 720. The Supreme Court found that it would be "improper and unfair to the parties" to decide the appeal when the record had been made and the evidence had been presented when they were operating under a different rule. Id. at 722 ; Miller v. Pool and Canfield, Inc. , 800 S.W.2d 120, 126 (Mo. App. W.D. 1990) (noting that "to affirm an award 'based upon the then erroneous interpretation of the law rather than a process of reasoning on the facts alone would be the pursuit of form over substance.' ") The Court ordered the judgment reversed and the case remanded for further proceedings in light of the new rule. Id. at 127
Plaintiffs argue that this case is analogous to the proceedings in Katz , 347 S.W.3d 533. In Katz , the defendant also filed a motion to compel arbitration in the circuit court which did not raise the argument that the arbitration agreement contained a delegation provision. Id. at 537-38. The circuit court denied defendant's motion. Id. After the denial by the circuit court but during the pendency of the appeal, the United States Supreme Court issued its decision in Rent-A-Center, W., Inc. v. Jackson , which upheld the validity of the delegation provisions in arbitration agreements. Id. at 538 ; Rent-A-Center , 561 U.S. 63, 65-67, 130 S.Ct. 2772 (2010). On appeal, the defendants argued that the delegation provision had not been waived because of the intervening Rent-A-Center decision. The Eastern District disagreed noting that " Rent-A-Center did not fashion a legal argument previously unavailable to [defendant], but instead clarified the law that preceded the decision." Id. at 541.
Joe Machens argues that Katz is not controlling because Pinkerton was not a clarification of the law but instead clearly articulated an avenue of defense not previously *399 available. Instead, Joe Machens contends, the Katz holding actually suggests that the arguments it now makes regarding the delegation provision were not waived. The language of the decision suggests that had Rent-A-Center fashioned a legal argument previously unavailable, the court in Katz would have considered the new arguments regarding the delegation provision on appeal. We are persuaded that it would be unfair to Joe Machens to hold that it waived its right to argue that the Arbitration Agreements contained a valid delegation provision by reference to the AAA rules when such an argument was directly contrary to the law as it existed at the time of the proceedings below. Joe Machens should be given the benefit of the new avenue of defense created by Pinkerton . This is the rare case in which, during the course of the pendency of the appeal, the applicable law was not just clarified or distinguished, but the law actually changed to such an extent that the Supreme Court expressly overruled the existing cases upon which a party had relied in making its arguments below.
Granting to Joe Machens the right to now argue application of the delegation provision should not, however, come at the cost of the Plaintiffs being foreclosed from responding to any arguments raised by Joe Machens and bringing any additional challenges to such a provision. Even if there is a delegation provision contained in an arbitration agreement, the court may still decide any challenges raised to the validity of that provision before ordering the proceedings stayed pending arbitration. Latenser v. Tarmac Int'l, Inc. , 549 S.W.3d 461, 464 (Mo. App. W.D. 2018) ; Rent-A-Center , 561 U.S. at 73, 130 S.Ct. 2772. Thus, this case must be remanded to give both parties an equal opportunity to argue the validity of the delegation provision to the circuit court following the Supreme Court's recent decision in Pinkerton .
Conclusion
Given the disposition of Point I, this Court need not address Joe Machens's Points II and III. This case presents the rare situation in which the law fundamentally changed following the circuit court's ruling and this Court's opinion on appeal. While the circuit court may not have erred at the time it denied Joe Machens's Motion, under these circumstances we cannot allow an erroneous interpretation of the law to stand despite the argument not being raised before the lower court. We also cannot allow Plaintiffs to be unfairly prejudiced by not allowing an opportunity to challenge the validity of the newly incorporated provision under Pinkerton . We reverse and remand the case to give all parties the opportunity to litigate the applicability of the delegation provision post Pinkerton and to give the trial court full opportunity to consider and rule on such arguments.
All concur

All statutory references are to RSMo 2016, as currently updated.

Dolly was handed-down on October 3, 2017. This was prior to the circuit court's Judgment on October 17, 2017. It was, however, decided after all briefing on the Motion had been completed and after the Hearing on August 31, 2017. Thus, it reflects the state of Missouri law regarding delegation provisions at the time the Judgment was issued but would not have been available to Joe Machens in deciding whether to argue the existence of a delegation provision to the circuit court.

AAA's web site contains almost 60 different sets of "active rules" depending on the type of agreement. https://www.adr.org/active-rules last viewed October 24, 2019. AAA web site also maintains approximately 150 sets of archival rules that have been previously used but are now no longer current. https://www.adr.org/ArchiveRules. Joe Machens acknowledged at argument that a lay person entering into this type of contract would have difficulty determining which set of AAA rules would be applicable to their particular contract or potential dispute.

It is unclear from the facts, as recited by the Supreme Court, whether 50 Plus Pharmacy had been decided prior to the trial court's ruling in Pinkerton . But, it appears that the trial court likely issued its ruling before 50 Plus Pharmacy , thus diminishing any argument that Joe Machens should have raised the delegation provision below despite the holding in 50 Plus Pharmacy .