

# In the
# Missouri Court of Appeals
## Western District

CITYVIEW REAL ESTATE          )
SERVICES, LLC AND WALDO        )
CAPITAL MANAGEMENT, LLC,       )      WD81785
                               )
            Appellants,        )      OPINION FILED:
                               )      February 19, 2019
v.                             )
                               )
K.C. AUTO PANEL, INC. AND      )
JERRY VAUGHN, ET AL.,          )
                               )
            Respondents.       )

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jack R. Grate, Judge

Before Division One:  Cynthia L. Martin, Presiding Judge, Victor C. Howard, Judge and
Thomas H. Newton, Judge

Cityview Real Estate Services, LLC ("Cityview") and Waldo Capital Management,

LLC ("Waldo") (collectively "Landowners") appeal a judgment in their unlawful detainer

action which awarded them possession of real property located at 9620 E. 350 Highway,

Raytown, Missouri (the "Premises").  Though the Landowners prevailed on their claim for

possession of the Premises against K.C. Auto Panel, Inc. ("K.C. Auto"), Jerry Vaughn

("Vaughn"), and John Doe and Mary Doe (collectively "Defendants"), they challenge the

judgment's conclusions that other claims related to the Defendants' occupation of the Premises were waived, and that the Landowners would be required to incur the expense of disposing of personal property remaining in the Premises. Finding no error, we affirm.

**Factual and Procedural Background**

On March 1, 2018, Landowners filed a verified petition for unlawful detainer ("Petition") against the Defendants. The Petition alleged that the Premises were owned by Cityview, whose predecessor and agent was Waldo. The Petition alleged that the Premises had been acquired from Penta Enterprises, Inc., an entity controlled by Vaughn, on October 27, 2017, pursuant to a deed-in-lieu agreement. The Petition further alleged that after Vaughn signed the deed-in-lieu agreement on behalf of Penta Enterprises, Inc., he and K.C. Auto claimed to have an oral lease with Penta Enterprises, Inc. for the Premises. The Petition alleged that personal property belonging to K.C. Auto remained in the Premises, and that as a result, the Defendants were unlawfully occupying the Premises. The Petition sought a judgment against all named Defendants for possession of the Premises; a judgment against K.C. Auto for $37,750.28 in rent for the months of November 2017 through February 2018; and a judgment against all named Defendants for attorneys' fees and costs.

Vaughn and K.C. Auto answered the Petition. They admitted the deed-in-lieu transfer of ownership of the Premises, and that K.C. Auto still had personal property in the Premises. They also alleged that K.C. Auto had been denied access to the Premises to retrieve its personal property. Vaughn and K.C. Auto demanded a jury trial.

Thereafter, Vaughn and K.C. Auto moved to consolidate the Landowners' unlawful detainer action with a separate lawsuit they filed against the Landowners to resolve who

2

owned the personal property remaining in the Premises. In the motion to consolidate, Vaughn and K.C. Auto alleged that neither have access to the Premises, and that the Landowners' only basis for claiming they are in unlawful possession of the Premises is the presence of K.C. Auto's personal property.

The Landowners opposed the motion to consolidate, and described communications before they acquired the Premises where they attempted to coordinate with Vaughn and K.C. Auto to remove the personal property. The Landowners noted that despite these efforts, the personal property was not removed by Vaughn and K.C. Auto before the deed-in-lieu agreement was finalized. The Landowners subsequently attempted to auction the personal property, though the auction was cancelled when K.C. Auto claimed ownership of the personal property. The Landowners argued that they now own the personal property based on documents signed in connection with the deed-in-lieu agreement.

The matter was set for jury trial on April 23, 2018. On April 9, 2018, the parties appeared for a pre-trial conference. In lieu of proceeding to a jury trial, the parties agreed to submit the matter to the trial court for disposition "upon the pleadings of record."

On April 12, 2018, the trial court entered its judgment ("Judgment").[1] The Judgment noted that the case had been submitted by agreement on April 9, 2012 "upon the pleadings of record," and that on the same date, the trial court heard arguments of the parties. The Judgment noted that defendants John Doe and Mary Doe had been duly served with process by posting, and were in default having not appeared. The Judgment then ordered the

---

[1]On the same date, the trial court's docket sheet indicates that the motion to consolidate was deemed "no longer an issue."

3

Landowners to give Vaughn and K.C. Auto a key to permit "the Defendants" access to the Premises for 20 days to remove personal property at "the Defendants' sole expense." After 20 days, the Judgment authorized the Landowners to change the locks, and deemed any remaining personal property in the Premises abandoned, such that the Landowners could dispose of same in their discretion and at their expense.

The Judgment ordered immediate possession of the Premises to be delivered to the Landowners after "expiration of the time stated herein for Defendants to vacate the premises." Finally, the Judgment found that "[a]ll claims related to the Defendants' occupation of the premises during the period from October 27, 2017 to April 30, 2018 are waived by the parties."

The Landowners filed this timely appeal.

**Finality of the Judgment**

The Landowners' first point on appeal addresses the finality of the Judgment for purposes of appeal. That issue has been briefed by the parties because this Court's Staff Counsel asked the parties to submit suggestions to address whether the appeal should be dismissed for want of a final judgment. Specifically, the parties were asked to address whether the Judgment disposed of the Petition's claims against John Doe and Mary Doe, and whether the Judgment disposed of the Petition's claim for attorneys' fees and costs. The issue of the Judgment's finality was then taken with the case.

"A final judgment is a prerequisite to appellate review." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2001). "A final judgment 'resolves all issues in a case,

4

leaving nothing for future determination.'" *Id*. (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)).

We conclude that the Judgment is final for purposes of appeal. After noting that defendants Vaughn and K.C. Auto appeared by counsel on April 9, 2018, the Judgment addressed defendants John Doe and Mary Doe, and found they had been duly served and were in default. Thereafter, the Judgment, by its plain terms, referred collectively to "the Defendants," and on each occasion when it did so, necessarily referred to all of the Defendants identified in the Petition. The Judgment awarded possession of the Premises to the Landowners, and directed "the Defendants" to vacate the premises, subject only to their right to remove personal property from the Premises for 20 days. The only other relief sought by the Petition was an award of unpaid rent from K.C. Auto, and an award of attorneys' fees and costs from all of the Defendants. The Judgment rejected these claims for monetary relief when it concluded that "*[a]ll* claims related to *the Defendants'* occupation of the [P]remises during the period from October 27, 2017 to April 30, 2018 are waived by both parties." (Emphasis added.)[2]

We therefore agree, as argued in the Landowners' first point on appeal, that the Judgment resolved all issues as to all parties, and is final for purposes of appeal. We turn our attention to the Landowners' second point on appeal.

_____

[2]The Landowners concede in their Brief that even though they prevailed on their claim for possession of the Premises, they had no written contract with the Defendants that authorized an award of attorneys' fees. In addition, the Petition did not allege a statutory right to an award of attorneys' fees.

5

**Analysis**

In their second point on appeal, the Landowners argue that the trial court erred in finding that "[a]ll claims related to the Defendants' occupation of the premises during the period from October 27, 2017 to April 30, 2018" were waived, and in declaring that the Landowners should bear the expense of disposing of personal property if the Defendants failed to remove same within 20 days. As to the first issue, the Landowners claim "there is no factual basis in the record for a finding" that they waived any claims. As to the second issue, the Landowners claim the trial court resolved an issue that was not an actual controversy, preempting their right to seek recovery of damages for actions yet to occur.

The Landowners' point relied on is impermissibly multifarious. A point relied on is multifarious if "it groups together multiple, independent claims rather than a single claim of error." *Kirk v. State*, 520 S.W.3d 443, 450 n. 3 (Mo. banc 2017). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* However, because we prefer to decide cases on their merits, and because we can readily discern and separate the independent claims of error asserted in the Landowners' multifarious point relied on, we exercise our discretion to address the merits of each claim. *See Wennihan v. Wennihan*, 452 S.W.3d 723, 728 (Mo. App. W.D. 2015).

First, the Landowners contend there is no factual basis in the record to find that they waived claims related to the Defendants' occupation of the Premises. In the argument portion of the Landowners' Brief, the Landowners contend that there is no evidence

supporting a finding that they waived the right to recover the expense of disposing of the personal property in the Premises from the Defendants.[3] [Appellants' Brief, p. 31]

We review this issue pursuant to *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the trial court's Judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law."[4] *Id*. The Landowners' claim that there is "no factual basis in the record for a finding" that they waived the right to recover expenses from the Defendants is the functional equivalent of a claim that there is no substantial evidence to support the finding of waiver. That is because a substantial evidence challenge argues that "there is no evidence in the record tending to prove a fact that is necessary to sustain the [trial court's] judgment as a matter of law." *Ivie v. Smith*, 439 S.W.3d 189, 200 (Mo. banc 2014). Here, substantial evidence supports the finding of waiver.

At the April 9, 2018 pre-trial conference, the parties agreed to submit this case to the trial court to be decided on the merits based solely on the evidence contained in the pleadings of record. Though the parties also orally argued the case at that time, no evidence

---

[3]The Landowners have not challenged on appeal the finding of waiver as it relates to the Petition's request for an award of rent or attorneys' fees and costs. Those claims are abandoned.

[4]The Landowners contend that our standard of review is that for a motion for judgment on the pleadings where the "well-pleaded facts of the non-moving party's pleadings are treated as admitted for purposes of the motion." *Eaton v. Mallinckrodt, Inc*., 224 S.W.3d 596, 599 (Mo. banc 2007). We disagree. Rule 55.27(b) provides that "[a]fter the pleadings are closed . . . any party may move for a judgment on the pleadings." Here, no party filed a Rule 55.27(b) motion. The trial court's Judgment did not purport to grant a Rule 55.27(b) motion. Instead, the parties agreed to submit the case for a trial on the merits, with the record being limited to the respective assertions of the parties set forth in the pleadings of record, and to the exhibits attached to the pleadings of record. Neither party requested the opportunity to present further evidence beyond that included within and attached to the pleadings of record.

was submitted for the trial court's consideration beyond the pleadings of record and the exhibits attached to those pleadings.[5] The "factual record," therefore, against which the substantial evidence standard must be assessed is limited to the pleadings of record, which include the Petition, the answer to the Petition, the Defendants' motion to consolidate, and the Landowners' suggestions in opposition to same.

The Landowners' suggestions in oppositions to the Defendants' motion to consolidate establish and admit: (i) that the Landowners were aware at the time they accepted a deed-in-lieu for the Premises on October 18, 2017 that personal property belonging to either Vaughn or K.C. Auto remained in the Premises; [Doc. 64, pp. 4-5, ¶¶ 11-14] (ii) that in addition to the deed-in-lieu agreement, other documents were executed by Vaughn on behalf of Penta Enterprises, Inc. purporting to convey the personal property in the Premises to the Landowners; [Doc. 64, pp. 5-7, ¶¶ 18-25] (iii) that despite this fact, shortly after the deed-in-lieu documents were signed, and in alleged violation of the documents, Vaughn began entering the Premises to remove items of personal property, and was ordered by the Landowners to cease and desist from doing so; [Doc. 64, p. 8, ¶¶ 27-29] (iv) that "[t]o help recover a tiny fraction of [the Landowners'] considerable expenses

---

[5]The Landowners note that no transcript of this pre-trial hearing has been submitted as a part of the record on appeal because no record was made of the proceeding. The Landowners seek no relief from this court based on the lack of a transcript. Ordinarily, the "'[n]onexistence of the transcript of the trial precludes appellate review and requires that the judgment of the trial court be reversed and remanded to permit the parties to try the case with a proper record.'" *Johnson v. Director of Revenue*, 237 S.W.3d 291, 291-92 (Mo. App. S.D. 2007) (quoting *Silman v. Director of Revenue*, 914 S.W.2d 832 (Mo. App. S.D. 1996)). That principle has no application here, however. This case was submitted by agreement for trial based solely on the evidence contained in the pleadings of record. Though the parties apparently orally argued their positions about the meaning of that evidence at the time they made their agreement, and though we have no transcript of those arguments, no party contends that the oral arguments involved the submission of evidence beyond that contained in the pleadings of record. The pleadings of record are all a part of the record on appeal. A transcript of the parties' oral arguments would have no evidentiary value. Its absence from the record on appeal does not preclude appellate review.

8

and to clear out the personal property--which by all appearances had not only been abandoned but signed over to [the Landowners]--[the Landowners] hired Mayo Auction to put it up for sale;" [Doc. 64, p. 8, ¶ 30] (v) that this auction was cancelled after the Defendants' attorney sent a cease and desist letter claiming K.C. Auto owned the personal property; [Doc. 64, pp. 8-9, ¶ 31] (vi) that considerable expense had been incurred by the Landowners to prepare for the auction; [Doc. 64, pp. 8-9, ¶ 31] (vii) that "rather than engage in a protracted fight over ownership of the personal property," the Landowners served the Defendants with a notice to quit the Premises in late January 2018, and that the Defendants "did absolutely nothing to remove the personal property in response to the notice to quit[], necessitating this unlawful detainer action." [Doc. 64, p. 9, ¶¶ 32-33]

The Landowners' Petition, on the other hand, inconsistently alleged that the personal property was owned by K.C. Auto, and did not disclose that the Landowners had ordered the Defendants to stop removing the personal property from the Premises shortly after mid-October 2017. Yet, the Petition relied on the presence of the personal property in the Premises to demand rent from K.C. Auto from late October 2017 through April 2018, and to claim that the Defendants were unlawfully occupying the Premises. In addition, though the Landowners, by their own concession, had already incurred "considerable expense" in connection with a cancelled auction to sell the personal property, and though the Landowners thus necessarily anticipated additional expense would be incurred if they were later required to dispose of the personal property in the Premises, the Petition did not seek the recovery of these expenses from the Defendants. The answer to the Petition filed by Vaughn and K.C. Auto admitted that K.C. Auto owned the personal property in the

9

Premises. And the answer alleged that the Defendants had been denied access to the Premises to remove the personal property, consistent with the Landowners' admission to that effect in the suggestions in oppositions to the Defendants' motion to consolidate.

The facts alleged in the pleadings of record are sufficient to support the trial court's finding that the Landowners waived any claims associated with the Defendants' purported occupancy of the Premises between October 27, 2017 and April 30, 2018, including the Landowners' available (but unasserted) claim to recover expenses associated with disposing of the personal property. The Landowners acquired the Premises aware that the Defendants' personal property was in the Premises, then ordered the Defendants to cease efforts to remove the personal property claiming the personal property belonged to them. The Landowners then attempted to sell the personal property, but when the scheduled auction was cancelled because K.C. Auto claimed ownership of the personal property, the Landowners elected to forego litigation over ownership of the personal property, and to instead send the Defendants a notice to quit the Premises in late January, 2018. The Landowners then filed the unlawful detainer Petition, and alleged for the first time that K.C. Auto owned the personal property, and that the Defendants had been unlawfully occupying the Premises since October 2017 because of the presence of the personal property in the Premises.

Based on these admitted facts, the trial court reasonably concluded that the Landowners waived any claims associated with the Defendants' alleged unlawful occupation of the Premises between October 2017 and April 2018. The trial court's finding of waiver is tantamount to a finding of estoppel, a doctrine which "prevent[s] a party from

10

taking inequitable advantage of a situation he or she has caused." *State ex rel. Beisly v. Perigo*, 469 S.W.3d 434, 441 (Mo. banc 2015) (quotation omitted). "A basic common law maxim, deeply rooted in this country's jurisprudence and older than the country itself, is that no person shall take advantage of or benefit from his or her wrong." *Id*. at 440 (citation omitted); *see also, Ditto Incorporated v. Davids*, 457 S.W.3d 1, 14 (Mo. App. W.D. 2014) (observing that "estoppel is an assertion that even if the allegations in the plaintiff's petition are established, the plaintiff cannot prevail because additional facts exist which avoid the legal responsibility of the defendant") (quotations omitted)). The trial court's finding of waiver was supported by substantial evidence.

The second issue the Landowners raise is that the trial court erred in burdening them with the expense of disposing of any personal property the Defendants fail to remove within 20 days. The Landowners argue this preempted their right to recover damages yet to arise, and resolved a matter not yet in controversy. We disagree. As explained above, the controversy over ownership of the personal property was ripe at the time the Petition was filed, as it was at the heart of the Landowners' decision to assert a claim of unlawful detainer in lieu of litigating ownership of the personal property. When the Petition was filed, the Landowners had already incurred considerable expense in an unsuccessful effort to dispose of the personal property at auction, and could reasonably have anticipated they would incur additional expense to dispose of the personal property should possession of the Premises (and the personal property therein) be awarded them as prayed in the Petition. In addition, the Defendants' motion to consolidate and the Landowners' response to same framed the parties' dispute over ownership of the personal property, placing that issue

11

before the trial court when the parties agreed to submit the case for resolution "on the pleadings of record." The trial court was well within its authority, therefore, to resolve the dispute over the personal property by permitting the Defendants 20 days to remove the personal property at their sole expense, and by thereafter declaring the personal property to belong to the Landowners by virtue of abandonment, at which point the cost (or potential profit) associated with disposing of the personal property would naturally fall to the Landowners.

Point two on appeal is denied.

## Conclusion

The trial court's Judgment is affirmed.

_Cynthia L. Martin_____
Cynthia L. Martin, Judge

All concur