IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 MELISSA K. ESPINOSA, TRUSTEE OF )
 THE MELISSA K. ESPINOSA )
 REVOCABLE TRUST, )
 )
 Respondent, ) WD83911
 v. )
 ) OPINION FILED:
 ) July 27, 2021
 ERIC BAKER AND VERONICA )
 BAKER, )
 )
 Appellants. )

 Appeal from the Circuit Court of Boone County, Missouri
 The Honorable Tracy Z. Gonzalez, Judge

 Before Division Three: Edward R. Ardini, Jr., Presiding Judge, and
 Mark D. Pfeiffer and W. Douglas Thomson, Judges

 Eric Baker and Veronica Baker (the “Bakers”) appeal from the judgment entered by the

Circuit Court of Boone County, Missouri (“trial court”), awarding Melissa K. Espinosa, Trustee

of the Melissa K. Espinosa Revocable Trust (“Espinosa”), possession of the real property located

at 20400 North Ponderosa Road, Clark, Missouri (the “Premises”) and Chapter 534 statutory

damages, on her Petition for Unlawful Detainer. The Bakers assert two substantial-evidence

challenges to the judgment on appeal. We affirm.
 Factual and Procedural Background

 On September 16, 2019, Espinosa, as “Landlord,” and the Bakers, as “Tenants,” entered

into a Residential Lease Agreement (“Lease”) for the Premises. The term of the Lease was for six

months at a monthly rent of $700. The Bakers also agreed to pay a non-refundable pet deposit of

$250, a security deposit of $700, and six-months rent of $4,200, for a total of $5,150.

 At the end of September or the beginning of October 2019, Ms. Baker began to suffer

physical illnesses, including breathing difficulties, coughing, voice loss, severe headaches, and

lethargy, when she was present in the Premises. Ms. Baker sought medical consultation and,

afterwards, concluded that the cause of her problems was a mold infestation on the Premises.

 Espinosa agreed to have the Premises tested for mold and the test results confirmed that

the bathroom on the Premises did, in fact, demonstrate a high level of mold.

 Because of the test results, Espinosa told the Bakers that she would be willing to terminate

the Lease and reimburse them the full amount of their lease payments. On October 23, 2019, the

parties mutually agreed to terminate the Lease. Espinosa refunded $5,150 to the Bakers and even

agreed to give the Bakers two weeks to remove their belongings. Thereafter, however, the Bakers

did not remove their personal belongings and surrender the Premises back to Espinosa as agreed.

 On November 22, 2019, Espinosa filed a Petition for Unlawful Detainer against the Bakers.

The Bakers filed an Answer, admitting that Ms. Espinosa had been entitled to possession of the

Premises since the date of termination of the Lease and admitted that the fair value of the Premises

was $700 per month. The Answer did not assert any affirmative defenses or otherwise claim that

the fair value of the Premises was lessened due to the presence of mold on the property. After suit

 2
was filed, the Bakers hired a moving company to remove their personal belongings1 and Espinosa

received possession of the Premises from the Bakers on January 28, 2020.

 A bench trial was held on June 11, 2020. Espinosa asked the trial court to award statutory

double damages commencing October 24, 2019, at the rate of $1,400 per month (twice the fair

rental value that had been admitted to by the Bakers in their Answer) or $46.67 per day from

October 24, 2019, through January 28, 2020. She also testified to “waste” (rotting food and trash

left on the Premises) and “injury” (missing table and chair belonging to Espinosa) to the Premises,

with restitution damages totaling $200. Though the Unlawful Detainer statutory scheme does not

authorize the award of attorney fees, Espinosa requested the trial court to award her $365 in

attorney fees.2 The trial court entered judgment in favor of Ms. Espinosa and against the Bakers

and awarded Espinosa possession of the Premises; $4,526.99 for “[d]ouble damages 10/24/19 to

1/28/20=97 days x $46.67/day”; $200 for “[p]hysical damage to premises (cleaning and missing

table and chair)”; and $365 for attorney fees, for a total of $5,091.99 in monetary damages.

 The Bakers timely appealed.

 Standard of Review

 “[T]he judgment of the trial court will be affirmed unless it is not supported by substantial

evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.”

I-70 Mobile City, Inc. v. Cartwright, 595 S.W.3d 161, 163 (Mo. App. W.D. 2020) (internal

 1
 This fact demonstrates that the Bakers knew how to vacate the premises of their personal belongings and
simply chose not to do so until Espinosa was compelled to file suit for unlawful detainer. Coupled with the fact that
the Bakers admitted in their Answer to Espinosa’s Petition that Espinosa was lawfully entitled to possession of the
Premises as of October 24, 2019, the trial court’s judgment is clearly supported with substantial evidence that Espinosa
was entitled to lawful possession of the Premises as of October 24, 2019, and the Bakers unlawfully and willfully
failed to surrender possession back to Espinosa until after removing their personal belongings on January 28, 2020.
 2
 The Bakers do not challenge the authority of the trial court to award attorney fees and, hence, that issue as
to the trial court’s judgment is waived for purposes of our review of the judgment on appeal. See Fogelsong v. Joe
Machens Auto. Grp., Inc., 564 S.W.3d 393, 398 (Mo. App. W.D. 2018). It does not, however, impact our consideration
of Espinosa’s request for attorney fees on appeal—an issue that we address later in our ruling.

 3
quotation marks omitted). “We review de novo questions of law decided in court-tried cases.” Id.

(internal quotation marks omitted).

 “When reviewing whether the circuit court’s judgment is supported by substantial

evidence, appellate courts view the evidence in the light most favorable to the circuit court’s

judgment and defer to the circuit court’s credibility determinations.” Ivie v. Smith, 439 S.W.3d

189, 200 (Mo. banc 2014) (internal citation omitted). Additionally, we view the evidence in a light

most favorable to the trial court’s judgment and disregard all contrary evidence. Id.

 Analysis3

 Unlawful detainer proceedings are governed by section 534.030.4 Section 534.030.1

defines four distinct scenarios under which a person is guilty of unlawful detainer:

 When any person willfully and without force holds over any lands, tenements or
 other possessions, [1 – the holdover tenant class] after the termination of the time
 for which they were demised or let to the person, or the person under whom such
 person claims; or [2 – the foreclosure class] after a mortgage or deed of trust has
 been foreclosed and the person has received written notice of a foreclosure; or at
 least ten business days have elapsed after the date of the notice described in
 subsection 3 of this section; or [3 – the holdover employee class] when premises
 are occupied incident to the terms of employment and the employee holds over after
 the termination of such employment; or [4 – the wrongful possession class] when
 any person wrongfully and without force, by disseisin, shall obtain and continue in
 possession of any lands, tenements or other possessions, and after demand made,
 in writing, for the delivery of such possession of the premises by the person having
 the legal right to such possession, or the person’s agent or attorney, shall refuse or
 neglect to vacate such possession, such person is guilty of an “unlawful detainer”.

 3
 Both of the Bakers’ points on appeal are impermissibly multifarious in that they assert that “there was no
substantial evidence to support [the trial court’s judgment], it was against the weight of evidence or it erroneously
declared or applied the law.” “A point relied on is multifarious if ‘it groups together multiple, independent claims
rather than a single claim of error.’” Cityview Real Estate Servs., LLC v. K.C. Auto Panel, Inc., 576 S.W.3d 187, 191
(Mo. App. W.D. 2019) (quoting Kirk v. State, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)). Substantial-evidence,
misapplication-of-law, and against-the-weight-of-the-evidence challenges are all distinct claims. Ivie v. Smith, 439
S.W.3d 189, 199 n.11 (Mo. banc 2014). “Multifarious points relied on are noncompliant with Rule 84.04(d) and
preserve nothing for review.” Cityview, 576 S.W.3d at 191 (internal quotation marks omitted). However, because we
prefer to decide cases on their merits, and because we can readily discern the actual claims of error asserted in the
multifarious points relied on (both of which are substantial-evidence challenges), we exercise our discretion to address
the merits of each claim. Id. (citing Wennihan v. Wennihan, 452 S.W.3d 723, 728 (Mo. App. W.D. 2015)).
 4
 All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.

 4
See Kocina v. Johannes, 505 S.W.3d 474, 477 (Mo. App. W.D. 2016).

 Section 534.200 governs the proof required by a complainant in an unlawful detainer action

and provides that: “The complainant shall not be compelled to make further proof of the forcible

entry or detainer than that he was lawfully possessed of the premises, and that the defendant

unlawfully entered into and detained or unlawfully detained the same.” (Emphasis added.)

 [T]he complainant shall not be compelled to make further proof of the . . . detainer
 than that he was lawfully possessed of the premises, and that the defendant
 unlawfully entered into and detained or unlawfully detained the same; and that
 would seem to be the legislative interpretation of what was meant by “willfully
 holding over.”

AgriBank FCB v. Cross Timbers Ranch, Inc., 919 S.W.2d 256, 261 (Mo. App. S.D. 1996) (footnote

omitted) (quoting Lehnen v. Dickson, 148 U.S. 71, 79; 13 S.Ct. 481, 485; 37 L.Ed. 373, 376

(1893)).

 I.

 In their first point, the Bakers attempt to re-position themselves into the “wrongful

possession class” as opposed to the “holdover tenant class” of section 534.030 and, in so doing,

assert that there was no substantial evidence of “wrongfulness.”5

 But, this argument (i.e. “wrongful possession class”) is not consistent with the undisputed

“holdover tenant class” evidence at trial. Here, in their Answer, the Bakers admitted that they

obtained possession of the Premises by becoming tenants pursuant to the Lease prior to

October 23, 2019. The Bakers next admitted that they agreed to mutually terminate the Lease on

October 23, 2019. And, finally, the Bakers admitted that Espinosa was entitled to possession of

 5
 The Bakers also alternatively assert that there is no substantial evidence that their possession of the Premises
after October 23, 2019, was “willful” but see our discussion in supra note 1. Simply put, the argument section of the
Bakers’ appellate brief on appeal is focused on the “wrongfulness” issue, not the “willfulness” issue.

 5
the Premises since the termination date of the Lease.6 Accordingly, the Bakers were clearly within

the “holdover tenant class” of section 534.030.1 and not the “wrongful possession class.”

 The “wrongful possession class” scenario—defined in section 534.030.1 as “wrongfully

and without force” obtaining and continuing in possession after demand made, in writing, for the

delivery of such possession—is not applicable to this case because the Bakers initially took

possession of the Premises pursuant to the terms of the Lease. See Kocina, 505 S.W.3d at 477.

Hence, the corresponding argument by the Bakers as to the record being devoid of “wrongfulness”

evidence is misplaced.

 Instead, the evidence deemed credible at trial by the trial court is that Espinosa was lawfully

entitled to possession of the Premises beginning on October 24, 2019 (the day after both parties

had mutually agreed to terminate the Lease), and the Bakers unlawfully and willfully possessed

the Premises from October 24, 2019, until possession was finally surrendered on January 28, 2020.

 Point I is denied.

 II.

 In the Bakers’ second point, they attempt to inject a breach of the warranty of habitability

claim by way of a “substantial-evidence” challenge. There are numerous flaws with this argument

by the Bakers.

 Initially, we note that the point on appeal is not claiming that the trial court erred when it

refused to permit the Bakers to submit evidence of inhabitability. Arguably, this evidence may

have been relevant on the topic of the fair rental value of the Premises7 (which is relevant to the

 6
 Espinosa also affirmatively testified to these facts as well as the undisputed fact that the Bakers did not
remove their belongings and surrender possession of the Premises until January 28, 2020.
 7
 In a “holdover tenant” unlawful detainer proceeding, the amount of rent set forth in the lease may be credible
evidence of the fair rental value of the premises, but this evidence is not binding on the trial court’s determination of
the fair rental value of the premises and evidence regarding the condition of the property is relevant to this
determination in an unlawful detainer action.

 6
statutory double damages provision of section 534.330.1) beginning on October 24, 2019; for,

even Espinosa’s own evidence presented at trial was that her mold expert had told her that the

Premises would be habitable after the mold issue had been remediated. Conversely, in their

responsive pleading, the Bakers admitted that the fair rental value of the Premises was $700 per

month and, generally, “parties are bound by allegations or admissions of fact in their own

pleadings.” McCracken v. Green Tree Servicing, LLC, 279 S.W.3d 226, 228 (Mo. App. W.D.

2009). “When a party admits in an answer that an allegation in a petition is true, it is deemed to

be a judicial admission and the admitted fact is deemed true.” Stroup v. Leipard, 981 S.W.2d 600,

604 (Mo. App. W.D. 1998).

 In any event, the Bakers have waived any claim that the trial court erred in refusing such

evidence of “inhabitability” by failing to make an offer of proof below and by failing to assert

evidentiary error in their point relied on in this appeal. See Kerr v. Mo. Veteran’s Comm’n, 537

S.W.3d 865, 877 (Mo. App. W.D. 2017); State ex rel. Dalton v. Mo. Comm’n on Human Rights,

618 S.W.3d 640, 651 (Mo. App. W.D. 2020).

 Instead, the Bakers couch their argument as demonstrating that the “inhabitability”

evidence—which was not admitted into evidence—would have supported their continuing

complaint that there is no substantial evidence of “wrongfulness”—an argument we have already

addressed and rejected in our analysis of Point I.

 Perhaps more importantly, in the context of an unlawful detainer proceeding, we have

recently discussed efforts by parties asserting a breach of the warranty of habitability claim (via

affirmative defense or counterclaim):

 [Defendant’s] warranty of habitability claim does not concern possession of the
 property but rather the property’s suitability for human habitation prior to the
 termination of [defendant’s] tenancy. . . .

 7
 [Defendant’s] counterclaim and affirmative defense for breach of the warranty of
 habitability do not challenge or otherwise address who is entitled to current
 possession of the property. Therefore, this counterclaim and affirmative defense
 exceed the limitations of an unlawful detainer action brought under Chapter 534,
 and they are substantively barred. However, nothing herein should be read to
 indicate that [defendant] is without a remedy for her claim of breach of the warranty
 of habitability. The Supreme Court made clear in Wells Fargo[, N.A. v. Smith, 392
 S.W.3d 446 (Mo. banc 2013)] that claims beyond those relevant to the unlawful
 detainer action may be brought in a separate action. 392 S.W.3d at 463.

I-70 Mobile City, 595 S.W.3d at 167.

 Hence, the effort by the Bakers to inject a claim of breach of the warranty of habitability

in this proceeding is misplaced.

 Point II is denied.

 Attorney’s Fees on Appeal

 Pursuant to this Court’s Special Rule 29, a party may file a motion for attorney’s fees on

appeal “pursuant to contract, statute or otherwise.” Espinosa has filed such a motion with this

Court and asserted a right to attorney’s fees on appeal pursuant to provisions within the Lease.

However, this proceeding is not a rent and possession case initiated pursuant to Chapter 535,

pursuing damages arising from a breach of the Lease and, instead, all of Espinosa’s remedial

damages (possession and statutory damages) arose as a result of the Chapter 534 statutory scheme

for unlawful detainer. The damages relating to possession and statutory double damages in the

judgment reference such damages beginning on October 24, 2019, one day after the parties had

both stipulated the Lease had been terminated. Hence, the Lease cannot provide a basis for

authorizing an award of attorney’s fees under the terms of the contract and Chapter 534 does not

authorize an award of attorney fees in the statutory scheme. Absent statutory or contractual

language authorizing an award of attorney’s fees, Missouri courts follow the American Rule—

 8
namely, that the litigants bear the cost of their own attorney’s fees. Milone v. Duncan, 245 S.W.3d

297, 302 (Mo. App. W.D. 2008). Espinosa’s motion for attorney fees on appeal is denied.

 Conclusion

 The trial court’s judgment is affirmed.

 /s/ Mark D. Pfeiffer
 Mark D. Pfeiffer, Judge

Edward R. Ardini, Jr., Presiding Judge, and W. Douglas Thomson, Judge, concur.

 9